In the Matter of the Claim of ANGELO DI SALVIO, Respondent, against THE MENIHAN COMPANY et al., Appellants.

STATE INDUSTRIAL COMMISSION, Respondent.

**Workmen's Compensation Law — claimant injured while visiting another workman across the room from place where claimant was employed — accident did not arise out of or in course of claimant's employment.**

1. An award under the Workmen's Compensation Law can be sustained only where the court is able fairly to say that between the work for which the employee was engaged and the disputed act which led to the accident there was either naturally or as the result of some act of the employer or of custom a real relationship which brought the accident within the range of employment, and, therefore, it could be said to have arisen out of and in the course of the employment.

2. The claimant was in the employ of defendant which was engaged in the manufacture of shoes, and his duties consisted in marking soles

with a rubber hand stamp. At the time of the accident claimant had crossed the room in which he was working to say good-bye to a fellow-employee who had been drafted and who would be required to leave work on account of the draft, and while leaning on the bench connected with the splitting machine which was being operated by his fellow-employee, his right arm was caught in an unguarded cog-wheel, and he sustained the injuries for which the award has been made. At the time that claimant walked across the room to greet his fellow-employee, he had finished the work that had been assigned to him and was waiting the arrival of more work. *Held*, that the accident did not in any degree arise out of or in the course of claimant's employment. (*Matter of Heitz* v. *Ruppert*, 218 N. Y. 148, followed; *Matter of Waters* v. *Taylor Co.*, 218 N. Y. 248, distinguished.)

*Matter of Di Salvio* v. *Menihan Co.*, 184 App. Div. 922, reversed.

(Argued November 12, 1918; decided January 7, 1919.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 27, 1918, unanimously affirming an award of the State Industrial Commission made under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*Jeremiah F. Connor* for appellants. The injury did not arise out of and in the course of the employment. (*Matter of Daly* v. *Bates & Roberts*, 224 N. Y. 126; *Matter of Gifford* v. *Patterson*, 222 N. Y. 4; *Matter of Sanger* v. *Locke*, 220 N. Y. 556; *Matter of De Fillippis* v. *Faulkenberg*, 170 App. Div. 153; 219 N. Y. 581; *Matter of Heitz* v. *Ruppert*, 218 N. Y. 148; *Matter of O'Neil* v. *Carley Heater Co.*, 218 N. Y. 414; *Spooner* v. *Detroit Saturday Night Co.*, 153 N. W. Rep. 657; *Bischoff* v. *American Car Foundry Co.*, 157 N. W. Rep. 34; *Matter of O'Toole*, 118 N. E. Rep. 303; *Hallet's Case*, 119 N. E. Rep. 673; *Matter of Betts*, 118 N. E. Rep. 551; *Brienen* v. *Wisconsin Public Service Com.*, 163 N. W. Rep. 182; *Mann* v. *Glastonbury Knitting Co.*, 96 Atl. Rep. 368; *Smith* v. *Crescent Belling & Packing Co.*, 37 N. J. L. 292; *Keene* v. *St. Clemens' Press*, 7 B. W. C. C. 542.)

*Merton E. Lewis, Attorney-General (E. C. Aiken* of counsel), for respondent. The injury to the claimant arose out of and in the course of his employment. (*Waters v. Taylor Co.*, 218 N. Y. 248; *Matter of O'Toole*, 118 N. E. Rep. 303; *Heitz v. Ruppert*, 218 N. Y. 148; *Matter of Hallet*, 119 N. E. Rep. 673; *Mann v. Glastonbury Knitting Co.*, 96 Atl. Rep. 368; *Moore v. L. V. R. R. Co.*, 217 N. Y. 627; *Sundine's Case*, 218 Mass. 1; *Matter of Von Ette*, 111 N. E. Rep. 696.)

HISCOCK, Ch. J. We are unable to see how the award in this case can be sustained. As found by the industrial commission the claimant was in the employ of defendant Menihan Company, which was engaged in the manufacture of shoes, and his duties consisted in marking soles with a rubber hand stamp. At the time of the accident he " had crossed the room in which he was working to talk to a fellow-employee who had been drafted and who would be required to leave work on account of the draft in a little while. Di Salvio wished to say good-by to the drafted man before he went to the front, and while leaning on the bench connected with the splitting machine which was being operated by said employee, the right arm  *  *  *  was caught in an unguarded cog-wheel, and he sustained the injuries  *  *  *  (for which the award has been made). At the time that  *  *  *  Di Salvio walked across the room to greet his fellow-employee, he had finished the work that had been assigned to him and was awaiting the arrival of more work."

In our opinion the accident did not in any degree arise out of or in the course of claimant's employment.

The courts have been liberal, as they should be, in so interpreting workmen's compensation statutes as to extend in many cases the relationship of employee to acts which seemed to be outside of the strict and ordinary lines of duty, as a basis for compensation. In accord-

ance with this policy it has been held that the accident arose out of and in the course of employment where an injury happened to an employee eating his dinner upon his employer's premises in accordance with express permission of the latter or usual custom (*Mann* v. *Glastonbury Knitting Co.*, 96 Atl. Rep. 368); or to a workman on a telegraph line who had taken refuge during a storm under a freight car and had gone to sleep (*Moore* v. *Lehigh Valley R. R. Co.*, 217 N. Y. 627); or to an employee injured while returning from a cabin on the premises of a railroad company to which employees were permitted to go to eat their meals (*Earnshaw* v. *Lancashire, etc., Rway. Co.*, 5 W. C. C. 28); or to an employee injured by a falling wall while he was taking dinner on his employer's premises (*Blovelt* v. *Sawyer*, 6 W. C. C. 16); or to a lighterman, who, while waiting for the tide to ebb, went from his barge to a small boat a short distance therefrom to rest (*May* v. *Isom*, 7 B. W. C. C. 148); or to an employee who in accordance with a general practice left the composing room where he worked to go upon the roof and get fresh air on a hot night (*Matter of Von Ette*, 111 N. E. Rep. 696); or to an employee engaged in dumping cars who on a cold night during an interval of leisure for the purpose of protection laid down in a position where he was subsequently injured by a moving car (*N. W. Iron Co.* v. *Industrial Commission*, 160 Wis. 633); or even to an employee who was injured while getting down from a moving wagon where he properly belonged to pick up his pipe (*M'Lauchlan* v. *Anderson*, 4 B. W. C. C. 376); or to an employee who was injured in attempting to stop the runaway horse of his employer although his regular work was entirely unconnected with horses (*Rees* v. *Thomas*, 1 W. C. C. 9); or to an employee who as the result of reproof administered in his line of duty to a fellow-workman was struck by the latter in the eye (*Matter of Heitz*, v. *Ruppert*, 218 N. Y. 148).

1919.]                Opinion, per HISCOCK, Ch. J.            [225 N. Y.]

And this court perhaps went farther than any of these cases in extending the benefits of a compensation act when it held, as it did, in *Matter of Waters* v. *Taylor Company* (218 N. Y. 248) that an employee was acting within the scope of his employment so as to be entitled to the benefits of the act when he left his strict line of employment in the attempt to rescue another workman, technically in the employ of an independent contractor, from a danger which threatened his life. We thus held on the broad principle that as between the employee and the employer " It must have been within the reasonable anticipation of his employer that his employees would do just as Waters did if the occasion arose, for it is quite inconceivable that any employer should expect or direct his employees to stand still while the life of a fellow-workman working a few feet away was imperiled by such an accident as occurred here, and it seems to us that the accident arose out of his employment."

In each of these cases an award was sustained because the court was able fairly to say that between the work for which the employee was engaged and the disputed act which led to the accident there was either naturally or as the result of some act of the employer or of custom a real relationship which brought the accident within the range of employment, and, therefore, it could be said to have arisen out of and in the course of the employment.

But in the present case we search in vain for any such feature or relationship. There was no connection between the employment for which claimant was engaged, of marking soles, and his trip across the shop to say good-by to a fellow-employee. This act did not enable him either directly or indirectly, in any tangible sense, the better to perform his work, discharge his duties or carry forward the interests of his employer. It was not a natural incident to the work for which he was hired. It did not grow out of any emergency where he was

justified in taking an unusual step to protect his employer's interests. It was simply and solely the expression of a private desire and the consummation of a personal purpose. However natural and even commendable his act may have been it was neither beneficial to his employer nor to himself in the way of completing and performing his work.

The impulse may be, not unnaturally, to say in justification of it that an employee ought not to be compelled to stand idly at his post while waiting for work and that claimant's deviation from his proper course was only by a few feet. But these reasons will not stand analysis. So far as the first one is concerned, as has been pointed out, it would doubtless be possible for an employee temporarily out of work, and if he could do so without interfering with his duties, to seek some proper and available place for rest without destroying his relation of employee. And so far as concerns the second one, the conduct of an employee in a crowded machine shop is not to be measured by mere distances. In this case claimant went far enough to exchange a perfectly safe occupation for a condition of danger and accident. After all other considerations, the controlling and inevitable question remains whether it is part of the employment of an employee in a shop, hired to perform simple and fixed duties, to leave these and visit his fellow-workmen on errands of a purely personal character utterly unconnected with his regular duties. We think that the answer to this question is self-evident unless we are to extend the relation of employment for purposes of the Compensation Act over areas which will not only be new but difficult to define by any certain or logical boundaries.

The tests of such a claim as this were succinctly stated by Judge POUND in *Matter of Heitz* v. *Ruppert* (218 N. Y. 148, 152): " The injury must be received (1) while the workman is doing the duty he is employed to perform, and also (2) as a natural incident of the work. It must

be one of the risks connected with the employment, flowing therefrom as a natural consequence and directly connected with the work."

Claimant's injury does not survive these tests and his case comes within the principles of *Matter of O' Toole* (118 N. E. Rep. [Sup. Judicial Court of Massachusetts] 303), where it was held that accidental death occurring to a decedent who had temporarily left his employment to talk with a fellow-employee about personal matters could not be said to have arisen out of and in the course of his employment so as to become the basis for a claim; of *Reed* v. *Great West. Rway. Co.* (78 L. J. K. B. 31), where it was held that an engine driver who had left his engine while at rest and crossed a siding to receive from a friend a book unconnected with his duties, was not so engaged in his employment that an injury then received by him would be the basis for a claim under the Compensation Act; of *Bischoff* v. *American Car & Foundry Company* (157 N. W. Rep. [Supreme Court of Michigan] 34), where it was held that an employee who transgressed his instructions in order to assist a fellow-employee in the repair of a machine could not recover compensation for an accident then arising, although the injured employee thought that his acts were for the benefit of his employer; of *Smith* v. *Lancashire, etc., Ry. Co.* (1 W. C. C. 1), where a ticket collector having finished his duties tarried on the footboard of the car for a moment to speak to a passenger and was injured; of *Spooner* v. *Detroit Saturday Night Co.* (153 N.W. Rep. [Supreme Court of Michigan] 657), where an employee who was injured while conveying some fellow-employees in an elevator to their work as a favor to them and which act was outside of his line of duty was denied workmen's compensation; of *Matter of Gifford* v. *Patterson, Inc.* (222 N. Y. 4), where it is stated that " when an employee is injured through some act of his own, not an incident to his employment,

9

and not authorized or induced by his employer in connection with his employment, the injury does not arise out of and in the course of his employment within the meaning of   *   *   *   the Workmen's Compensation Law."

We think that the order of Appellate Division and award of the industrial commission must be reversed and the claim dismissed, with costs in this court and in the Appellate Division against the industrial commission.

COLLIN, CUDDEBACK, HOGAN and MCLAUGHLIN, JJ., concur; CHASE and CRANE, JJ., dissent.

Order reversed, etc.