Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of YETTA LAUTERBACH, Respondent, for Compensation under the Workmen's Compensation Law, *v.* SOPHIE, HATTIE, ROBERT and HARRY JARETT, Employers, and ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LTD., Insurance Carrier, Appellants.

Third Department, November 12, 1919.

**Workmen's Compensation Law — accident arising out of employment — janitress of apartment house injured in her own apartment in said house by falling plaster — necessity that injury be received while employee doing duty of employment and that it be one of risks of employment.**

An award cannot be made under the Workmen's Compensation Law to the janitress of an apartment house, who resided in one of the apartments, for injuries received from plaster falling on her when she was about to sit down at her kitchen table to eat her breakfast, as at the time of the injury she was doing nothing for her employers nor anything incidental to her employment, but was serving, exclusively, her own purposes.

An injury to be within the protection of the Workmen's Compensation Law must be received while the workman is doing the duty he is employed to perform, and it must be one of the risks connected with the employment flowing therefrom as a natural consequence and directly connected with the work.

JOHN M. KELLOGG, P. J., dissented.

APPEAL by the defendants, Sophie, Hattie, Robert and Harry Jarett and another, from an award and order of the State Industrial Commission, entered in the New York city office of said Commission on the 16th day of May, 1919, allowing claimant compensation up to May 13, 1919, and continuing the case.

*Alfred W. Andrews [Ainsworth, Carlisle, Sullivan & Archibald and John N. Carlisle, of counsel], for the appellants.*

*Charles D. Newton, Attorney-General [E. C. Aiken, Deputy Attorney-General, of counsel], for the respondents.*

COCHRANE, J.:

The employers maintain an apartment house five stories high. On each floor there are two apartments, each apartment consisting of five rooms, all the apartments being similar. In one of the apartments on the first floor the claimant resided with her family, consisting of herself and her husband and their two children. She was the janitress of the building. As compensation for her services she was given five dollars monthly, the free use of her apartment and gas for the same.

One morning while about to sit down at her kitchen table to eat breakfast some plaster from the kitchen ceiling fell on the claimant, causing her some injuries for which the award herein has been made on the theory that the accident arose out of and in the course of her employment as janitress. She was not at the time doing any work for her employer.

It has been held many times that when an employer customarily permits his employees to eat their meals upon his premises they are not thereby excluded from the protection of such a law as the Workmen's Compensation Law. The cases to that effect are collated in *Matter of Di Salvio v. Menihan Company* (225 N. Y. 123, 126); *Matter of McInerney v. Buffalo & Susquehanna Railroad Corporation* (Id. 130, 133), and *Matter of Moore v. Lehigh Valley Railroad Company* (169 App. Div. 177, 183). The theory of those cases is that a temporary suspension of the work for the purpose of eating without leaving the work to go to the domicile of the employee for that purpose is incidental to the employment and does not terminate or suspend for the time being the relation of master and servant.

The principle of those cases does not apply to such a situation as here exists. The case is no different from what it would be if the claimant, although janitress of the building in question, had occupied an apartment in another building and the accident had there occurred. In no proper sense can it be said that she was janitress of her own apartment

merely because it happened to be a part of the building of which she was the janitress. In her own apartment she presided over her household affairs and was serving, not her employers, but herself and her family. If this award can be sustained so also it should be sustained if the plaster had fallen on her at night while she was sleeping or while doing any ordinary housework for the requirements or convenience of her family. At the time of the accident she was doing nothing for her employers nor anything incidental thereto. Her duty to them did not require her presence in her apartment. What she was doing was personal to herself. It was entirely disassociated with the work of her employers.

In *Matter of Daly* v. *Bates & Roberts* (224 N. Y. 126) the claimant was a laundress in a hotel and as part of her compensation received her board and lodging and the privilege of using the laundry plant of her employer to do her own laundry work. While thus engaged in working for herself she was injured. It was held that she was not working for her employer but for herself and her claim for compensation was dismissed. In that case it is true the claimant had regular working hours and the accident occurred after the time when her duties to her employer ceased. But that circumstance does not differentiate the case in principle from the present case. It does not appear in the instant case whether or not by the terms of employment of the claimant her duties were limited to specified portions of the day. I am assuming, however, that she was always on duty when the circumstances required her services. But with that assumption the fact is that she was not doing anything for her employers at the time of the accident but was serving exclusively her own purpose. What she was doing did not promote the interests of her employers nor was it in any proper sense incidental thereto. She was in the building in a dual capacity. Her family was domiciled in one of the apartments. Her personal relations to her family were distinct and separate from her relations to her employers as janitress of the building. She was acting solely for herself as a member of her family at the time of the accident.

In *Matter of Di Salvio* v. *Menihan Company* (225 N. Y. 123) the claimant had merely crossed the room to say farewell to

another employee who had been drafted, and while talking to him was injured, and it was held that he was serving his own purposes and that the accident did not arise out of and in the course of his employment. In the opinion cases are cited from other jurisdictions sustaining the decision.

In *Urban* v. *Topping Brothers* (184 App. Div. 633) it was so held also in a case where an employee on quitting work for the day but before leaving the premises returned for some companions who usually accompanied him home and was killed.

The rule has been enunciated and reiterated that the injury to be within the protection of the statute must be received " while the workman is doing the duty he is employed to perform " and that it must be " one of the risks connected with the employment, flowing therefrom as a natural consequence and directly connected with the work." (*Matter of Heitz* v. *Ruppert,* 218 N. Y. 148, 152; *Matter of Di Salvio* v. *Menihan Company, supra; Matter of Daly* v. *Bates & Roberts, supra.*)

Both on principle and authority, therefore, I think this claim cannot be sustained.

The award should be reversed and the claim dismissed.

All concurred, except JOHN M. KELLOGG, P. J., dissenting.

Award reversed and claim dismissed.