Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of JESSIE CARTER, Respondent, for Compensation under the Workmen's Compensation Law, v. GORDINER & WARRING COMPANY, Employer, and AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Insurance Carrier, Appellants.

*Workmen's Compensation Law — injury arising out of and in course of employment — falling on sidewalk in front of factory.*

Appeal from an award of the State Industrial Commission, made January 29, 1920, and entered in the office of said Commission.

Award affirmed. All concur, except Woodward, J., dissenting, with an opinion, and Cochrane, J., dissenting on the ground that the accident did not arise out of or in the course of employment, under the authority of *Matter of Di Salvio* v. *Menihan Co.* (225 N. Y. 123).

WOODWARD, J. (dissenting): The claimant, at a hearing in July, 1919, testified that on the 26th day of March, 1919, she was brought to the employer's factory in Amsterdam by her husband; that she got out of the wagon and started to cross the sidewalk to the factory door; that she turned to ask her husband a question and that in doing so she caught her heel in a crack in the sidewalk and fell; that she threw out her hand and in falling produced a fracture of the wrist. She was asked by the Commissioner where she was at the time of the accident and she answered, " I was three or four feet from the mill door on the street." She said the mill was on Yeoman street, Amsterdam; that she was " on the public sidewalk but in front of the mill property." There was an intimation that there could be no award unless it was shown that the accident occurred upon the premises of the employer, and subsequently a photograph of the location of the accident was put in evidence and the claimant marked a spot as the place where she fell, and the award is apparently based upon her corrected testimony in connection with the photograph. A diagram which the claimant sent to the insurance carrier, and which is in evidence, is entirely in harmony with her original testimony. It shows that she got out at the curb line; that she fell almost immediately in front of where she alighted from the wagon, and that this was entirely upon the sidewalk and a considerable distance from the factory door. But the photograph in evidence shows a very common situation of a factory building abutting upon the sidewalk, with covered stairways intruding upon the highway, and the point which the claimant marks upon the photograph is a considerable distance away from one of these covered passageways, and apparently nearly in front of the door. But the sidewalk is built up to the wall of the building, and, so far as may be judged from a photograph introduced by the claimant, is an ordinary stone or cement walk, upon which the defendant has intruded with two covered doorways leading into the building. The point which she marks is upon this sidewalk, and there is no evidence to show that it is not, what it appears to be, an integral part of the highway. But whether this was so or not, it is entirely obvious that the accident was not one " arising out of and in the course of " her employment. She was performing no service for the employer; she was on her way to such employment and she turned to ask her husband a question relating to herself, and while so turning she met with such an accident as might happen to any one of us. It had no relation to the employment. There is evidence that she arrived at seven o'clock in the morning at the point of the accident, but there is no evidence that the employment started at that hour, and if it did she had not entered upon such employment. It seems to me that the record is barren of any evidence to show that this accident happened in connection with any employment. The claimant met with an accident on the street while on her way to her employment we may assume, but she was not engaged in the employment

at the time; she had not reached a point where her employment began, and, so far as appears, where the employer was in any degree responsible for the happening of the accident even under the liberal rules of the Workmen's Compensation Law. The accident must be one " arising out of and in the course of employment; " the provisions of the statute are conjunctive and both must concur.* An accident on the way to work, and before the employment has commenced, which is in no manner due to anything connected with the operation or maintenance of the plant, or the place in which the industry is carried on, is not within the letter or the spirit of the statute. The award appealed from should be reversed.

* See Workmen's Compensation Law, § 10; Id. § 3, subd. 7, as amd. by Laws of 1917, chap. 705.— [REP.