NEW JERSEY MISCELLANEOUS REPORTS. 879

N. J. Dept. Labor—German v. Abner S. Reeve & Son.

NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

JAMES GERMAN, PETITIONER, v. ABNER S. REEVE & SON,
RESPONDENT.

Casual Employment—On Way in Employer's Truck to Assist in
Unloading—Observing Two Lead Pencils, Left the Seat to
Pick Them Up, and Slipping, Was Injured—Case Dismissed.

On determination and order for dismissal.

At a hearing held on petitioner's claim for compensation
in the above case, on December 31st, 1924, petitioner, by his
testimony discloses that he, the claimant, was not a regular
employe. He was a casual man who helped out occasionally
in unloading coal, and was paid by the job. On the day of
the accident he was riding on one of the employer's coal
trucks, which was being driven to the place where the coal
was to be unloaded. He sat on the seat with the driver, and
when the truck reached the destination he would have helped
in unloading. As the truck was being driven slowly along
the street he noticed two lead pencils, and while the truck
was still in motion he either jumped or stepped from the
truck to pick up the pencils. In some unexplained manner
he slipped or fell, and one of the wheels ran over his ankle,
causing the injuries in question.

That the accident did not arise out of the course of em-
ployment is evident by the opinion in the case of *Smith* v.
*Crescent Belting and Packing Co.*, 37 *N. J. L. J.* 292, in
which a boy was injured while interfering with an elevator,
and the Common Pleas Court of Mercer county, in deciding
the issue used the following language: "It has been held
that when a workman does something entirely foreign to the
work which he is employed to do, &c."

And as also evidenced in the case of *Di Salvio* v. *Menihan
Co.*, 225 *N. Y.* 123, Chief Justice Hiscock, in the Court of

Appeals, New York State, in his opinion, stated that claimant went across the room in which he was employed to say "goodbye" to another workman, and while leaning on a bench the claimant's arm was caught in a cog wheel, resulting in injuries. The Court of Appeals held that such an injury did not arise out of or in the course of employment, and, in his opinion, stated that "this act did not enable him either directly or indirectly, in any tangible sense, to better perform his work," &c.

Both these opinions directly state the disposition that should be made of the above case, and since the petitioner, in endeavoring to procure the lead pencils, took himself out of his employment, he is accordingly not entitled to an award.

Be is now ordered on this 21st day of July, 1925, that the aforesaid claim is hereby dismissed without cost to the respondent.

HARRY J. GOAS,
*Deputy Commissioner.*