## LILLIAN LARSEN AND ANOTHER v. L. A. LARSEN COMPANY AND ANOTHER.[1]

December 17, 1926.

No. 25,655.

**Evidence indefinite whether accident from discharge of gun was in course of decedent's employment.**

An employe was killed by an accidental discharge of a gun he was carrying. The Industrial Commission adopted a finding of the referee that the accident did not arise out of the employment. The evidence leaves it to conjecture whether the accident which caused or contributed to the discharge of the gun originated from some mischance in some act of the employment, or solely in the care or use of the gun carried along by the employe for purposes of his own, with the employer's consent, but not connected with or incident to the employment.

Workmen's Compensation Acts,—C. J. p. 72 n. 69; p. 115 n. 25, 37.

[1]Reported in 211 N. W. 330.

Certiorari to review an order of the Industrial Commission refusing compensation in a proceeding under the Workmen's Compensation Act. Affirmed.

*Washburn, Bailey & Mitchell*, for relators.

*John J. Fee*, for respondent.

HOLT, J.

Certiorari to review the action of the State Industrial Commission in refusing an award under the Workmen's Compensation Act.

Ludwig A. Larsen was the salaried managing officer of L. A. Larsen Company, a corporation, engaged in the insurance and real estate business at Duluth. The company had bought and sold several tracts of land adjacent to French river, a small stream entering Lake Superior, a short distance northeast of Duluth. It owned a 60-acre tract, a corner of which was crossed by the river. The scheme seems to have been to develop this into summer cottage sites. On Sunday, November 1, 1925, after attending church with his wife, Larsen told her it was necessary for him to go at once, without waiting to dine at home, to French river. Not having returned at night a search was instituted for him next morning, when his body was found on the ice of the little stream near the company's land. His widow and minor child instituted this proceeding against the company and its insurer.

A referee heard the case and made findings and conclusions denying an award, which on appeal the Industrial Commission adopted. The decisive finding of fact is: "That on said date employe met his death by reason of accidental injuries which did not arise out of or by reason of said employment." The statute restricts cases to accidents "arising out of and in the course of" the employment, hence no legal importance should attach to the words "or by reason of" in the finding. G. S. 1923, § 4261. There was no finding that the accident happened in the course of the employment, but from the memorandum attached to the findings we prefer to infer that had the referee deemed the evidence sufficient to find that the accident arose out of the employment, he readily would have found that it occurred in the course thereof.

The burden of proving Larsen's death due to an accident arising out of his employment was upon relators. The instrumentality which admittedly caused the death not being at all connected with the employment, it became necessary to establish that some accident arising out of the employment caused the gun to be discharged. We are not prepared to hold that the mere fact that the gun did not constitute an appliance required in or incidental to the work, precludes the possibility of a compensable injury caused by its accidental discharge against an employe in the course of his duties. In this case it must be presumed to have been carried along with the consent of the employer, for Larsen himself was the sole manager. We think a compensable case would be conceded if it had appeared that Larsen was taking a prospective buyer out to view the land the company had for sale, that such buyer carried a gun and in going across this ice he slipped thereon so that in falling the gun discharged, killing Larsen. And should not the same result follow if it appeared that in the course of his employment Larsen was crossing the river and, in so doing, slipped on the ice so that in the fall the gun was discharged by striking the ice causing his death? Compensable cases can readily be suggested where, in the course of the employment, some accident befalls an employe such as the slipping and falling in walking, or the overturning of a conveyance in which he is, in the discharge of his duties, and by reason of the falling or the overturning some instrumentality, not necessary or incidental to the service but permissibly carried for personal convenience or pleasure, is set in motion and inflicts the real injury. But the known facts in this case as readily lend themselves to the conjecture that Larsen in carrying the gun handled it so as to discharge it, or that he had left the duties of his employment and was going across the river in pursuit of game. If either was the case there could be no compensation. It must be clear that in caring for or using a gun taken along for his personal pleasure, Larsen was not acting within the scope of his employment, hence an accident originating solely in such care or use could not be said to arise out of the employment. Such a case was Aetna Life Ins. Co. v.

Burnett (Tex. Com. App.) 283 S. W. 783, where the employe was injured by the discharge of a gun he was removing from the auto he was using in the employment, having previously been out hunting in the auto.

Counsel for relators ingeniously suggest that Larsen deemed it advisable not to disclose to others that his frequent excursions into this territory related to the interests or business of the company as dealers, and for that reason a gun was carried to give the impression that he was merely there for the purpose of hunting. This and the other suggestions above are mere conjectures, not having any real basis in the evidence. We cannot find anything definite in the record tending to prove that some accident arising out of the employment caused the gun to be discharged, hence of course cannot disturb the finding of the commission above quoted.

The referee in his memorandum advances the proposition that no compensation can be awarded unless the hazard causing the injury inheres in the employment. He cites in support thereof Coronado Beach Co. v. Pillsbury, 172 Cal. 682, 158 Pac. 212, L. R. A. 1916F, 1164, and Mann v. Glastonbury Knitting Co. 90 Conn. 116, 96 Atl. 368, L. R. A. 1916D, 86. The first case is where a wilful act of a coemploye caused the injury, and the second is where the servant was injured when he had departed from his employment upon an errand personal to himself. The same was the case in Matter of Di Salvio v. Menihan Co. 225 N. Y. 123, 121 N. E. 766. But we cannot see that this perhaps erroneous view of the referee could prejudicially affect relators, for the chief difficulty here is the absence of any proof that an accident arising out of the employment was the cause of or contributed to the discharge of the gun.

The decision is affirmed.