DON J. VAN DEVANDER, RESPONDENT, v. WEST SIDE M. E. CHURCH, PROSECUTOR.

Submitted January 29, 1932—Decided June 2, 1932.

Before Justices TRENCHARD and DONGES.

For the prosecutor, *McDermott, Enright & Carpenter.*

For the respondent, *Miller & Barowitz.*

PER CURIAM.

This writ brings up a determination of the compensation bureau awarding compensation to the respondent for injuries

alleged to have been sustained as the result of an accident arising out of and in the course of his employment by prosecutor.

. The respondent is a Methodist minister and was assigned by the bishop to and employed as pastor by the prosecutor, West Side Methodist Episcopal Church. His stated salary was $3,450 per annum and he was housed in the church parsonage (and was apparently required to live there), for which the sum of $700 was deducted from his salary, making a cash payment of $2,750. He was furnished no janitor service for the parsonage and was required to do all housework, groundkeeping, and care of the furnace himself. On November 11th, 1930, while removing a barrel of ashes from the cellar of the parsonage, he strained his back. The question presented here is whether or not this accident was one arising out of and in the course of the employment.

The only testimony, outside of the medical evidence, was that of the petitioner. He testified that he was required to keep the house in condition for use by the members of the congregation, and that, in fact, it was used for wedding, christenings, and other parish meetings.

We are inclined to think that it was error to hold that the accident arose out of the employment. Petitioner was performing a household duty for his own benefit which he would have been required to perform if he lived in a house owned by himself. In *Byrant* v. *Fissell,* 186 *Atl. Rep.* 458, the act was said to cover risks "which are within the ordinary scope of the particular employment in which the workman is engaged." Now the employment here was that of a minister. Carrying ashes is certainly not incidental to that office, directly or indirectly. Petitioner takes the position that the church imposed certain additional duties, namely care of the parsonage. But it does not seem that this is so. Care of a dwelling house ordinarily falls upon the occupant and does not have to be so "imposed." What the church did was to refuse to furnish service which would relieve him of this burden.

The case of *Lauterbach* v. *Jarrett,* 189 *App. Div. N. Y.* 303; 178 *N. Y. Supp.* 480, seems to be in point. There a

janitress who was furnished with living quarters in the building she cared for was injured by the falling of plaster while eating in her own apartment. It was said: "In no proper sense could it be said that she was janitress of her own apartment because it happened to be in the building of which she was janitress."

It was also said: "She was in the building in a dual capacity. Her family domicile was in one of the apartments. Her personal relations to her family were separate and distinct from her relations to her employer."

This reasoning is sound. In the instant case we think that at the time of the accident the respondent was performing an act personal to himself and his family, and not connected with his employment as a minister.

The award is set aside, with costs.