ALLEN BENNIE BRYAN, EMPLOYEE-PLAINTIFF, v. FIRST FREE WILL BAPTIST CHURCH, EMPLOYER; INSURANCE COMPANY OF NORTH AMERICA, CARRIER, DEFENDANT.

(Filed 20 April, 1966.)

1. **Master and Servant § 53—**

In order for an employee to be entitled to recover compensation under the North Carolina Workmen's Compensation Act he must show that he sustained personal injury by accident and that his injury arose in the course of his employment and that the injury arose out of his employment.

2. **Master and Servant § 54—**

There must be a causal relation between the injury and the employment in order for the injury to arise out of the employment.

**3. Master and Servant § 93—**

Whether an accident arose out of the employment is a mixed question of law and fact.

**4. Master and Servant § 54— Evidence held insufficient to support finding that injury arose out of employment.**

The evidence tended to show that plaintiff was employed as a minister by defendant church and was furnished a parsonage as part of his remuneration, which parsonage was also used for church functions. The evidence further tended to show that claimant agreed for the benefit of the church to move out of the parsonage two weeks before the termination of his employment in order that repairs might be made to the parsonage, and that while claimant was moving his stove from the parsonage prior to the termination of his employment he suffered a back injury. *Held:* Claimant's injury cannot be traced to his employment as minister as a contributing proximate cause, since the evidence plainly shows his injury arose out of the performance of an act personal to himself and his family.

**5. Master and Servant § 94—**

Where the employer's exceptions to a conclusion of the Industrial Commission and its predicate findings must be sustained for lack of any competent evidence to support the findings, it is not necessary to pass on an assignment of error to another conclusion of the Commission, and the judgment of the Superior Court affirming the award must be reversed and the cause remanded to the Industrial Commission.

MOORE, J., not sitting.

APPEAL by defendants from *Clark, S.J.,* 17 January 1966 Civil Session of LENOIR.

Claim for compensation under Workmen's Compensation Act.

Forrest H. Shuford, II, the hearing commissioner, based upon stipulations entered into by the parties at the hearing, found the jurisdictional facts; that Insurance Company of North America was the compensation insurance carrier on the risk at the date of the alleged injury by accident on 17 August 1964; and that plaintiff's average weekly wage was $85. The essential findings of fact of the hearing commissioner are as follows:

"1. On and prior to 17 August 1964 plaintiff was regularly employed by the defendant employer as its minister. In addition to receiving a salary plaintiff was furnished with a home in which to live which was called the parsonage. The parsonage was owned by defendant employer and was used for many church functions including marriage, counselling, and other activities.

"2. Sometime prior to 17 August 1964 it was determined that plaintiff's employment with defendant employer would be

terminated as of 1 September 1964. As of such date plaintiff was to assume the duties as minister of the Core Creek Free Will Baptist Church and was also to become associated with the State Convention of the Church.

"3. The parsonage where plaintiff lived was in need of repairs including the replacement of some flooring. At the request of the Governing Board of defendant employer, plaintiff agreed to move out of the parsonage approximately two weeks prior to the termination of his employment with defendant employer. This was to be done in order that repairs could be made to the parsonage before the new minister of defendant employer moved into the parsonage.

"4. In accordance with the above stated arrangement plaintiff undertook to move his household and kitchen furniture out of the parsonage on 17 August 1964. The moving of the furniture at such time was for the benefit of defendant employer in order that its parsonage could be vacant so that repairs could be made.

"5. On 17 August 1964 some members of the Core Creek Church, into whose church parsonage plaintiff was to move, assisted plaintiff in moving his furniture from the defendant employer's parsonage. Plaintiff and one of the members of such church attempted to move plaintiff's two-hundred-pound electric stove from the parsonage. Plaintiff walked backward while holding one end of the stove with the other end being carried by another. The stove was carried through a passageway in the parsonage. Because of the narrowness of the passageway, plaintiff had to put one hand on the bottom and one hand on the top of the stove. While so going through the narrow passageway, a door on the stove came open, and while still holding one end of the two-hundred-pound stove and trying to close the door, plaintiff had a pain in his back.

"6. The lifting of the stove was not a part of the plaintiff's usual and customary work and was out of the ordinary for him. Plaintiff sustained, as described above, an injury by accident.

"7. The moving of the stove from the defendant employer's parsonage at the time that it was being done was primarily for the benefit of defendant employer; it was done while plaintiff was still minister of the defendant employer and on the payroll of his employer; and it occurred upon defendant's premises. Plaintiff's injury by accident arose out of and in the course of his employment with defendant employer.

"8. Following his accident plaintiff continued to have back pain which became more severe on 27 September 1964. Plaintiff thereupon consulted with Dr. John T. Langley, orthopedic surgeon of Kinston. Dr. Langley treated plaintiff conservatively at home for a period of time but in that plaintiff did not recover he was hospitalized on 1 November 1964 and a myelogram was done. The findings of such myelogram were positive and Dr. Langley operated upon plaintiff for removal of a ruptured disc on 4 November 1964.

"9. Plaintiff sustained no loss of wages or salary as a result of his injury by accident and thus sustained no temporary total disability. Plaintiff does have a five per cent permanent partial disability of the back as a result of the injury by accident."

The hearing commissioner's conclusions of law are as follows:

"1. On 17 August 1964 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant employer. G.S. 97-2(6).

"2. As a result of the injury by accident giving rise hereto plaintiff sustained no temporary total disability. G.S. 97-2(9); G.S. 97-29.

"3. As a result of the injury by accident giving rise hereto plaintiff sustained a five per cent permanent partial disability of the back, for which he is entitled to compensation at the rate of $37.50 per week, for a period of fifteen weeks, commencing 28 December 1964. G.S. 97-31(23)."

Based upon his findings of fact and conclusions of law, the hearing commissioner awarded plaintiff compensation, to be paid to him in a lump sum, subject to a fee allowed to his counsel to be deducted from compensation awarded plaintiff.

Defendants appealed to the Full Commission, which adopted as its own the findings of fact and conclusions of law of Commissioner Shuford, together with the result reached by him, and affirmed the award.

Whereupon, defendants appealed to the superior court which entered a judgment overruling each and every exception and assignment of error by defendants, and affirmed the award of the Full Commission.

From this judgment defendants appeal to the Supreme Court.

*Wallace, Langley & Barwick by P. C. Barwick, Jr., for defendant appellants.*

*Aycock, LaRoque, Allen, Cheek & Hines by F. Fred Cheek, Jr., and John M. Hines for plaintiff appellee.*

PARKER, C.J. Defendants assign as errors the trial judge's overruling their exception to the hearing commission's finding of fact No. 6, which was affirmed by the Full Commission; the trial judge's overruling their exception to the hearing commissioner's finding of fact No. 7, which was affirmed by the Full Commission; and the trial judge's overruling their exception to the hearing commissioner's conclusion of law No. 1, which was affirmed by the Full Commission, which challenged findings of fact and challenged conclusion of law are set forth verbatim above.

To obtain an award of compensation for an injury under the North Carolina Workmen's Compensation Act, an employee must show that he sustained a personal injury by accident, that his injury arose in the course of his employment, and that his injury arose out of his employment. *Lewis v. Tobacco Co.*, 260 N.C. 410, 132 S.E. 2d 877; *Anderson v. Motor Co.*, 233 N.C. 372, 64 S.E. 2d 265; *Withers v. Black*, 230 N.C. 428, 53 S.E. 2d 668. The requirement of the Act that an injury to be compensable must be shown to have resulted from an accident arising out of and in the course of the employment is known and referred to as the rule of causal relation; *i.e.* that an injury to be compensable must arise from his employment. The rule of causal relation is "the very sheet anchor of the Workmen's Compensation Act," and has been adhered to in our decisions, and prevents our Act from being a general health and insurance benefit act. *Duncan v. Charlotte*, 234 N.C. 86, 66 S.E. 2d 22; *Perry v. Bakeries Co.*, 262 N.C. 272, 136 S.E. 2d 643.

This is said in *Bell v. Dewey Brothers, Inc.*, 236 N.C. 280, 72 S.E. 2d 680:

". . . The words 'in the course of,' as used in the statute, refer to the time, place and circumstances under which the accident occurred, while 'out of' relates to its origin or cause.

" 'Arising out of' means arising out of the work the employee is to do, or out of the service he is to perform. The risk must be incidental to the employment. [Citing authority.]

"In order to entitle the claimant to compensation the evidence must show that the injury by accident arose out of and in the course of his employment by the defendant. Both are necessary to justify an award of compensation under the Workmen's Compensation Act. [Citing authority.]"

This is said in *Hildebrand v. Furniture Co.*, 212 N.C. 100, 193 S.E. 294:

"So it has been stated as a general proposition that the phrase 'out of and in the course of the employment' embraces only those accidents which happen to a servant while he is engaged in the discharge of some function or duty which he is authorized to undertake and which is calculated to further, directly or indirectly, the master's business."

It is settled law that "where an injury cannot fairly be traced to the employment as a contributing proximate cause . . . it does not arise out of the employment." *Bryan v. T. A. Loving Co.*, 222 N.C. 724, 24 S.E. 2d 751; *Lockey v. Cohen, Goldman & Co.*, 213 N.C. 356, 196 S.E. 342; *Walker v. Wilkins, Inc.*, 212 N.C. 627, 194 S.E. 89.

Whether an accident arose out of the employment is a mixed question of law and fact. *Sandy v. Stackhouse, Inc.*, 258 N.C. 194, 128 S.E. 2d 218.

The case of *Van Devander v. West Side M. E. Church*, 10 N.J. Misc. 793, 160 A. 763, is apposite. This was a proceeding under the Workmen's Compensation Law by Don J. Van Devander, opposed by the West Side M. E. Church. To review a judgment of the Compensation Bureau awarding compensation, the employer brought *certiorari* for determination of a judgment of the Compensation Bureau awarding compensation to Van Devander for injuries alleged to have been sustained by him as the result of an accident arising out of and in the course of his employment by the West Side M. E. Church, the employer. The facts as stated in the opinion of the Supreme Court of New Jersey are as follows: Van Devander is a Methodist minister and was assigned by the bishop to and employed as pastor by West Side M. E. Church. His salary was $3,450 per annum and he was housed in the church parsonage (and was apparently required to live there), for which the sum of $700 was deducted from his salary. He was furnished no janitor service for the parsonage, and was required to do all house work, ground keeping, and care of the furnace himself. On 11 November 1930 while removing a barrel of ashes from the cellar of the parsonage, he strained his back. The only testimony, outside of medical evidence, was that of the petitioner. He testified that he was required to keep the parsonage in condition for use by the members of the congregation, and that it was used for weddings, christenings, and other parish meetings. The Court said in its opinion:

"We are inclined to think that it was error to hold that the accident arose out of the employment. Petitioner was performing a household duty for his own benefit which he would have

been required to perform if he lived in a house owned by himself. In *Bryant v. Fissell*, 84 N.J. Law, 72, 86 A. 458, 460, the act was said to cover risks 'which are within the ordinary scope of the particular employment in which the workman is engaged.'Now the employment here was that of a minister. Carrying ashes is certainly not incidental to that office, directly or indirectly. Petitioner takes the position that the church imposed certain additional duties, namely, care of the parsonage. But it does not seem that this is so. Care of a dwelling house ordinarily falls upon the occupant and does not have to be so 'imposed.' What the church did was to refuse to furnish service which would relieve him of this burden.

                    *       *       *

". . . . In the instant case we think that at the time of the accident the respondent was performing an act personal to himself and his family, and not connected with his employment as a minister.

"The award is set aside, with costs."

See also *Lauterbach v. Jarett*, 189 App. Div. (N.Y.) 303, 178 N.Y.S. 480, 481, which the Supreme Court of New Jersey cites in its opinion as a case that seems to be in point.

In the instant case claimant's employment by First Free Will Baptist Church was that of minister. He was not employed to move his furniture out of his employer's parsonage, when he terminated his employment as minister with First Free Will Baptist Church. Claimant testified in part: "The agreement with the church is when I am dismissed as a minister that my responsibility is to move out of the parsonage. . . . The parsonage needed some repairs to the floor and around the area from where the automatic washer sat. The board had gotten together and we had gotten together and agreed that I should move out of the parsonage about two weeks prior to that time, in order for repairs to be done at the parsonage. . . . I was not paid anything to move my furniture from the parsonage. I did not pay anyone to move the furniture but the church that I was moving to volunteered to help me transfer the furniture." He stated in part on redirect examination: "Some of the furniture in the parsonage belonged to the church — some scattered pieces of furniture. . . . Most of the furniture that the church itself owned was located in the living room. It was necessary to move some of this furniture out of the way so that we could move through with the other furniture."

In our opinion, and we so hold, the findings of fact by the hearing commissioner, affirmed by the Full Commission, clearly show

that claimant's injury did not arise out of and in the course of his employment by First Free Will Baptist Church as its minister, or in other words the findings of fact plainly show that claimant's injury cannot fairly be traced to his employment as a minister as a contributing proximate cause. The findings of fact by the hearing commissioner, affirmed by the Full Commission, plainly show that although the moving of the stove from the parsonage was for his employer's benefit, and although he was still minister and on the payroll of his employer, his injury arose out of his performing an act personal to himself and his family in moving the stove to his new church, probably its parsonage, and it was not connected with his employment as minister by First Free Will Baptist Church.

The trial court erred in overruling defendants' exception to the finding of fact by the hearing commissioner, affirmed by the Full Commission, that "plaintiff's injury . . . arose out of and in the course of his employment with defendant employer," and in overruling defendants' exception to the hearing commissioner's conclusion of law, affirmed by the Full Commission, that "on 17 August 1964 plaintiff sustained an injury . . . arising out of and in the course of his employment with defendant employer."

Therefore, it is unnecessary for us to pass on defendants' assignment of error to the trial court's overruling their exception to the conclusion of law by the hearing commissioner, affirmed by the Full Commission, that plaintiff sustained an injury by accident. As to injury by accident, see *Pardue v. Tire Co.*, 260 N.C. 413, 132 S.E. 2d 747.

For the reasons stated above, the judgment of the court below is reversed, and the superior court will remand this cause to the Industrial Commission for an order in compliance with this opinion.

Reversed.

MOORE, J., not sitting.