ANNE SPIVEY WIMBISH, Widow; LAURA GAYE WIMBISH, Daughter; and JAMES T. WILLIAMS, JR., Guardian Ad Litem of CHERYL LEE WIMBISH, Daughter; CONRAD A. WIMBISH, Deceased Employee v. WIMBISH AVIATION, INC. (T/A MID-ATLANTIC AIRWAYS) Employer; LUMBERMEN'S MUTUAL CASUALTY COMPANY, Carrier

No. 7118IC312

(Filed 4 August 1971)

1. Appeal and Error § 26— appeal as exception to the judgment

An appeal is itself an exception to the judgment and to any matter appearing on the face of the record proper.

2. Master and Servant § 56— workmen's compensation — compensable injury — death in a flying accident

The death of a charter flying service employee, who was also the sole stockholder of the employer-corporation, did not occur in an accident arising out of and in the course of his employment, where the employee was killed in an airplane crash while on a trip to make repairs to a beach trailer home owned by the corporation, and where the ownership of the trailer home benefited the employee and his family rather than the corporation.

APPEAL by plaintiff from the opinion and award of the North Carolina Industrial Commission filed 25 November 1970, affirming the opinion and award of Deputy Commissioner R. F. Thomas, filed 10 June 1970, denying compensation.

The facts found by Deputy Commissioner Thomas, and affirmed by the Full Commission, are as follows:

"1. Anne Spivey Wimbish was married to the deceased on August 5, 1945 in Raleigh, North Carolina, and they lived together as husband and wife until the death of the deceased except for a brief period of separation. Two children, Laura Gaye Wimbish, age 19, and Cheryl Lee Wimbish, age 17, were born of this marriage. Said widow and children were dependent for support on the deceased and there was no one else either wholly or partially dependent for support on the deceased.

"2. Defendant employer was a corporation, deceased being the sole stockholder and president, and his wife, Anne Spivey Wimbish, being the secretary of the corporation.

"3. Defendant employer flew charter flights, transported cadavers, bought and sold surplus airplane parts, aircraft radios and equipment, and had a dealership for Piper Aircraft for the sale of new and used aircraft. Deceased and his wife jointly owned a tract of land near Guilford Battleground, Guilford County, North Carolina, upon which was located their home and the flying field where defendant employer conducted its operations.

"4. In July 1965 defendant employer acquired by purchase a 1961 New Moon house trailer, the title therefor being issued to defendant employer by the North Carolina Department of Motor Vehicles on August 2, 1965. This house trailer was purchased in Greensboro and moved to Ocean Drive Trailer Park, North Myrtle Beach, South Carolina. The cost assigned to the house trailer was $2,393.39, which included the actual purchase price plus the cost of preparing the trailer and moving it to South Carolina.

"5. Income from the rent of the house trailer in 1966 was $278.00, in 1967 was $290.00, and in 1968 was $549.00. Rent received in 1969 prior to the death of the deceased was $20.00. Some of the other expenses connected with the house trailer consisted of property tax to the town of North Myrtle Beach, South Carolina, in amount $10.00 for listing of January 1, 1969, $27.00 per month for rent of the lot where the house trailer was kept, and electric bill in an unspecified amount.

"6. Deceased and members of his family used the house trailer occasionally, paying no rent to defendant employer for the use thereof. The house trailer was not used by any officers or employees of defendant employer for entertainment or other business purposes. The house trailer was not profitable to defendant employer.

"7. Arrangements had been made to rent the house trailer beginning June 29, 1969. Deceased was aware that the sink and refrigerator in the house trailer were not in proper operating condition. Deceased made several telephone calls to Myrtle Beach in an attempt to get someone to make repairs to the sink and refrigerator but was unable to do so.

Wimbish v. Aviation, Inc.

"8. Deceased therefore made plans to fly to Myrtle Beach, South Carolina, to make the repairs, and this was the sole purpose of his trip. Deceased departed from defendant employer's airfield about eleven o'clock p.m. on the night of June 16, 1969 in defendant employer's Piper Twin Comanche No. 8003-Y.

"9. Deceased has *(sic)* filed a flight plan and was last heard from when about two miles northwest of Crescent Beach-Myrtle Beach Airport on an instrument approach. Deceased was reported missing and a search was begun on June 17, 1969. Wreckage of the plane was found about two miles northwest of the airport on June 19, 1969. The airplane and the body of deceased were identified.

"10. The ownership of the house trailer by defendant employer did not further, directly or indirectly, defendant employer's business to an appreciable degree. The expense connected with the house trailer substantially exceeded the income defendant employer received from rental of the house trailer. The ownership of the house trailer by defendant employer was for the personal benefit of deceased and members of his family.

"11. Deceased did not sustain an injury by accident arising out of and in the course of his employment with defendant employer."

"Finding of Fact" No. 11 is repeated as "Conclusion of Law" No. 2, and is the basis of the denial of compensation. Plaintiffs appealed to this Court.

*McLendon, Brim, Brooks, Pierce & Daniels, by L. P. McLendon, Jr., and E. Norman Graham, for plaintiffs-appellants.*

*Perry C. Henson and Thomas C. Duncan for defendants-appellees.*

BROCK, Judge.

No exceptions are noted in the Record on Appeal.

[1]   "An appeal is itself an exception to the judgment and to any matter appearing on the face of the record proper. . . .

[R]eview is limited to the question of whether error of law appears on the face of the record, which includes whether the facts found or admitted support the judgment, and whether the judgment is regular in form and supported by the verdict. But an appeal alone . . . does not present for review the findings of fact or the sufficiency of the evidence to support them." 1 Strong, N. C. Index 2d, Appeal and Error, § 26, pp. 152-154. Rule 21, Rules of Practice in the Court of Appeals of North Carolina.

In *Bryan v. Church*, 267 N.C. 111, 147 S.E. 2d 633, the Court said:

> " 'So it has been stated as a general proposition that the phrase "out of and in the course of the employment" embraces only those accidents which happen to a servant while he is engaged in the discharge of some function or duty which he is authorized to undertake and which is calculated to further, directly or indirectly, the master's business.' "

[2] In our opinion, the determination that the deceased did not sustain an injury by accident arising out of and in the course of his employment is supported by the findings of fact, the correctness of which, due to the state of the record, is not before us on this appeal.

Affirmed.

Judges MORRIS and HEDRICK concur.