The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Bain Jones. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
 ***************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. All parties hereto are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant-employer on 4 March 1995.
3. Defendant-employer was self-insured at all relevant times.
4. Plaintiff's average weekly wage is to be determined by a Form 22.
5. The following medical documents have been stipulated into evidence:
a. Grace Hospital (29 pp)
b. Roger R. Hill, M.D. (Burke Primary Care) (7 pp)
c. Piedmont Treatment Center (3 pp)
 d. Richard E. Weiss, M.D. (Mountain Neurological Center) (7 pp)
e. Beverly D. Brooks, Ph.D. (64 pp)
f. Memorial Mission Hospital (7 pp)
g. Ed D. Hamlin, Ph.D. (The Pisgah Institute) (5 pp)
h. Eric W. Peterson, M.D. (2 pp)
i. Charter Hospital (379 pp)
6. The issues before the Commission are whether plaintiff's current condition is compensable under the Act, and if so, to what benefits is he entitled?
 ***************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. Plaintiff is a fifty-two year old divorced male.
2. Plaintiff was employed by defendant-employer for approximately eight years. On 21 March 1995, he informed his supervisor that he had slipped in his work area on 4 March 1995, twisting his left leg under him and experiencing pain in the back of his left knee. Plaintiff continued working after the incident.
3. In April 1995, plaintiff complained to his supervisor that he was experiencing pain in his left knee. He was sent to the plant nurse who found no swelling, bruising or edema. Because of plaintiff's continued complaints of pain, he was sent to Grace Hospital Health Services. Plaintiff limited his expression of pain to the left knee. He was diagnosed as having a knee sprain and was released to return to work with no stooping or squatting for seven to ten days.
4. Plaintiff returned to the plant nurse on 8 May 1995, complaining of continued pain in his left knee. He was not limping or otherwise favoring the use of his left leg. Plaintiff informed the nurse that he was going to take a leave of absence for personal reasons. Plaintiff took a leave of absence on or about 6 June 1995.
5. On 17 May 1995, defendant-employer filed a Form 60 with the Commission, admitting plaintiff's right to compensation for the injury, and claiming that plaintiff lost no time from work as a result of the injury.
6. On 11 December 1995, defendant-employer filed a Form 28B with the Commission, reporting medical payments made on behalf of plaintiff in the amount of $50.00, including final medical payment.
7. On 21 July 1995, plaintiff presented to Dr. Richard E. Weiss with complaints of pain in his left hip and leg. Plaintiff told Dr. Weiss of the 4 March 1995 incident, but stated that the pain in his knee improved spontaneously. Plaintiff further stated that the onset of his current condition occurred approximately eight days earlier. An MRI revealed a large herniated disk at L4-5. Dr. Weiss performed a left L4-5 microlumbar diskectomy on 23 July 1995.
8. Plaintiff never told any of his supervisors or co-workers that the incident of 4 March 1995 caused him pain in his back at any time. Plaintiff did tell a co-worker that he injured his back jumping off the back of his truck. None of plaintiff's supervisors or co-workers observed plaintiff having any difficulty performing his job between 4 March 1995 and June 1995.
9. The greater weight of the testimony and medical documentation indicates that plaintiff's claim that he injured his back when he fell on 4 March 1995 is not credible.
10. On 21 July 1995, plaintiff presented to psychologist, Dr. Beverly D. Brooks. He continues to be under her care. Following the surgery on his back, plaintiff experienced depression due to his inability to return to work. Dr. Brooks believes that plaintiff's psychological inability to work will continue for the foreseeable future, and is the direct result of his back injury.
 ***************
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to demonstrate by the greater weight of the evidence that his back injury was causally related to the 4 March 1995 compensable incident. Bryan v. Free WillBaptist Church, 267 N.C. 111, 147 S.E.2d 633 (1966). Therefore, plaintiff is not entitled to compensation under the Act for his back injury. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff's psychological problems which are the direct result of his back injury are not compensable as the back injury is not causally related to the compensable incident of 4 March 1995. N.C. Gen. Stat. § 97-2(6).
 ***************
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Plaintiff's claim must be, and is hereby, DENIED.
2. The parties shall divide the costs of this action.
This the 5th day of May 1998.
 S/ ____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
S/ __________________ DIANNE C. SELLERS COMMISSIONER
TJB/cnp/db