EUGENE MOORE, EMPLOYEE, v. SUPERIOR STONE COMPANY, EMPLOYER, AND INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, CARRIER.

(Filed 28 September, 1955.)

**1. Master and Servant §§ 40c, 55d—**

Where there is sufficient circumstantial evidence in the record to sustain the finding of the Industrial Commission to the effect that claimant was injured in an explosion of a number of dynamite caps resulting when he idly or out of curiosity attempted to set off a single dynamite cap during his lunch hour, and that therefore the injuries did not arise out of his employment, the Superior Court is without power to reverse.

**2. Master and Servant § 50—**

The burden rests upon claimant in a proceeding under the Workmen's Compensation Act to show that his injuries arose out of his employment.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.

APPEAL by defendants from *Parker (Joseph W.), J.,* June Term 1955, ONSLOW. Reversed.

Proceeding before Industrial Commission for compensation for personal injuries received by plaintiff employee.

Plaintiff was injured when 300 dynamite caps exploded. He was then alone in the "doghouse" for the purpose of eating his lunch. The Commission found the facts which included the following: "8. That in

the absence of the other employees as above set out, the plaintiff . . . out of curiosity or for reasons unknown, wired the blasting machine . . . and in his attempt to set off a single dynamite cap ignorantly and accidentally detonated the 300 dynamite caps beside the doghouse resulting in a terrific explosion and in the injuries which he sustained," and concluded "that the injury (suffered by plaintiff) did not arise out of the employment."

Upon such finding and conclusion the Commission denied the claim. On appeal the court below reversed and defendants appealed.

*Hughes & Abbott for plaintiff appellee.*
*Barden, Stith & McCotter for defendant appellants.*

PER CURIAM. We are constrained to concur in the conclusion of the full Commission that there is sufficient circumstantial evidence in the record to sustain the finding of fact No. 8 made by the Commission and its conclusion based thereon. Since the testimony contains evidence sufficient to support the finding made by the full Commission, the court below was without authority to reverse.

Furthermore, the burden rested upon the claimant to show that his injuries arose out of his employment, and there is implicit in the positive findings and conclusions of the Commission the further finding that the plaintiff had failed to carry the burden placed on him by law. Hence, the judgment entered in the court below must be

Reversed.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.