ARP v. PARKDALE MILLS, INC.

[150 N.C. App. 266 (2002)]

---

RICHARD ARP, EMPLOYEE, PLAINTIFF v. PARKDALE MILLS, INCORPORATED, EMPLOYER, DEFENDANT; CAMERON M. HARRIS & COMPANY, THIRD PARTY ADMINISTRATOR

No. COA01-701

(Filed 21 May 2002)

### 1. Workers' Compensation— employee injured while leaving work—climbing gate

The Industrial Commission did not err by concluding that an employee's injury arose out of and in the course of his employment where plaintiff was injured when he fell while attempting to climb a gate through which he could not squeeze when he left work. An injury occurring while an employee travels to and from work is not one that arises in the course of employment, with an exception when the employee is injured on the employer's premises. It is undisputed that the gate and parking lot were owned, controlled, or maintained by defendant; there is competent evidence to support findings that plaintiff did not leave work early; the fact that plaintiff was not actually engaged in the performance of his duties does not automatically defeat his claim; and his attempt to climb the gate does not defeat the premises exception because short cuts are attractive and sometimes dangerous. The appellate court may review the record to determine whether the findings and conclusions of the Commission are supported by sufficient evidence, but may not weigh the evidence and decide the issue on the basis of weight.

### 2. Workers' Compensation— credibility—deputy commissioner's determination—reversed by full Commission

The Industrial Commission did not err in a workers' compensation action by reversing a deputy commissioner's credibility

determination without making specific findings of fact about why it was reversing the determination. The full Commission is the sole judge of the weight and credibility of the evidence; appellate courts are limited to reviewing whether any competent evidence supports the Commission's findings and whether the findings support the conclusions.

Judge TYSON dissenting.

Appeal by defendant from Opinion and Award filed 7 March 2000 by the North Carolina Industrial Commission. Heard in the Court of Appeals 13 March 2002.

*Grandy & Martin, by Charles William Grandy, for plaintiff-appellee.*

*Alala Mullen Holland & Cooper, P.A. by H. Randolph Sumner and Jesse V. Bone for defendant-appellants.*

WYNN, Judge.

In this workers compensation appeal, the employer—Parkdale Mills—appeals from a North Carolina Industrial Commission decision holding that its employee—Richard Arp—was injured by accident that arose out of and in the course of his employment. We uphold the decision.

Arp worked for Parkdale Mills as a yarn-service packer during the hours of 7:00 a.m. to 7:00 p.m. on alternating weeks of four and three days. This appeal concerns the manner in which Arp chose to exit from the property on 16 September 1998—the date of his injury.

Parkdale Mills has main exits at the front and back of the plant. Employees like Arp who work 12-hour day shifts, generally park their cars in a lot outside of the front door or in the back parking lot. The back parking lot is fenced by a chainlinked gate, approximately six feet in height, with an additional one to one and one-half feet of barbed wire extending above the gate. Arp worked at the rear of the plant and used the back parking lot which he reached from the rear exit.

Although some evidence showed that the gate was usually locked before 7:00 p.m., Arp testified that before the date of his injury, he had encountered a locked gate only once in the rear parking lot when leaving work. At the end of his workday on 16 September 1998, Arp

saw his mother waiting to pick him up in her car parked outside of the locked-rear gate. Arp was unable to squeeze through the gate, and when he attempted to climb the gate, he slipped; fell; and broke his left leg.

In her Opinion and Award, Deputy Commissioner Margaret Morgan Holmes, found that on the date of his injury, Arp left work approximately fifteen minutes early without authorization when he reached the locked-back gate. She also found that instead of waiting for it to be unlocked or walking back through the plant and out of the front door, Arp attempted to climb the gate. She further found that he sustained an injury by accident arising out of and in the course of his employment.

On appeal, the full Commission modified in part and affirmed in part the deputy commissioner's Opinion and Award. The full Commission concluded that:

2. . . . In the present case, plaintiff's injury occurred in the parking lot adjacent to the plant where he worked and the parking lot was a part of Parkdale Mills's premises. *See Maurer v. Salem Co.,* 266 N.C. 381, 146 S.E.2d 432 (1966). Therefore, the incident occurring on 16 September 1998 constituted an injury by accident arising out of and in the course of plaintiff's employment with Parkdale Mills. G.S. § 97-2(6).

3. Contributory negligence or bad judgment on the part of plaintiff in attempting to leave by climbing the gate is not a bar to recovery under Act. Hartley v. Prison Dept. 258 N.C. 287, 128 S.E.2d 598 (1962).

4. Because Parkdale Mills general intent or purpose for having a gate or fence around the plant is irrelevant and plaintiff was not disobeying a direct or specific order from a then present supervisor when he climbed the gate and fell sustaining his injuries on 16 September 1998, he may recover compensation for his claim. Hoyle v. Isenhour Brick & Tile Company, 306 N.C. 248, 293 S.E.2d 196 (1982).

5. Because plaintiff was on his employer's premises and not thrill seeking when he climbed the gate, fell and injured himself on 16 September 1998, he may recover compensation for his claim. Id.

6. As a result of his 16 September 1998 injury by accident, plaintiff is entitled to have Parkdale Mills pay ongoing total disability

compensation at the rate of $258.52 per week for the period of 17 September 1998 through the present and continuing until such time as he returns to work or until further order of the Commission. G.S. § 97-29.

7. As a result of his 16 September 1998 injury by accident, plaintiff is entitled to have Parkdale Mills pay for all medical expenses incurred. G.S. § 97-25.

From that Opinion and Award, Parkdale Mills appealed to this Court.

The issues on appeal are whether the full Commission erred in: (1) concluding that Arp's injury arose out of and in the course of his employment; and (2) rejecting the deputy commissioner's credibility determination without making specific findings of fact.

"[O]ur Workmen's Compensation Act should be liberally construed to effectuate its purpose to provide compensation for injured employees or their dependents, and its benefits should not be denied by a technical, narrow, and strict construction." *Hollman v. City of Raleigh, Public Utilities Dept.*, 273 N.C. 240, 252, 159 S.E.2d 874, 882 (1968). "In reviewing the findings found by a deputy commissioner or by an individual member of the Commission when acting as a hearing commissioner, the Commission may review, modify, adopt, or reject the findings of fact found by the hearing commissioner. The Commission is the fact-finding body under the Workmen's Compensation Act." *Watkins v. City of Wilmington*, 290 N.C. 276, 280, 225 S.E.2d 577, 580 (1976). "The evidence tending to support plaintiff's claim is to be viewed in the light most favorable to plaintiff, and plaintiff is entitled to the benefit of every reasonable inference to be drawn from the evidence." *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998).

[1] First, Parkdale Mills contends that Arp's attempt to scale the gate, placed him outside of the course and scope of his employment. Parkdale Mills also argues that the "premises exception" to the "coming and going rule" does not apply to the present case because Arp was not authorized to climb the gate. We disagree.

The issue of whether an accident arises out of and in the course of employment is a mixed question of law and fact, and the appellate court may review the record to determine if the findings and conclusions of the Industrial Commission are supported by sufficient evidence. *See Hoyle v. Isenhour Brick & Tile Co.*, 306 N.C. 248, 251, 293 S.E.2d 196, 198 (1982). "The findings of fact by the Industrial

Commission are conclusive on appeal if supported by any competent evidence." *Gallimore v. Marilyn's Shoes*, 292 N.C. 399, 402, 233 S.E.2d 529, 531 (1977). Thus, our Court does not have the right to weigh the evidence and decide the issue on the basis of its weight. "The court's duty goes no further than to determine whether the record contains any evidence tending to support the finding." *Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 434, 144 S.E.2d 272, 274 (1965).

"The general rule in this state is that an injury by accident occurring while an employee travels to and from work is not one that arises out of or in the course of employment." *Royster v. Culp, Inc.* 343 N.C. 279, 281, 470 S.E.2d 30, 31 (1996). "A limited exception to the 'coming and going' rule applies when an employee is injured when going to or coming from work but is on the employer's premises." *Id., see also Jennings v. Backyard Burgers of Asheville*, 123 N.C. App. 129, 131, 472 S.E.2d 205, 207 (1996). "[T]he great weight of authority holds that injuries sustained by an employee while going to and from his place of work upon premises owned or controlled by his employer are generally deemed to have arisen out of and in the course of the employment within the Workmen's Compensation Act and are compensable provided that the employee's act involves no unreasonable delay." *Maurer v. Salem Co.*, 266 N.C. 381, 382, 146 S.E.2d 432, 433-34 (1966). "There must be some causal relation between the employment and the injury; but if the injury is one which, after the event, may be seen to have had its origin in the employment, it need not be shown that it is one which ought to have been foreseen or expected." *Watkins v. City of Wilmington*, 290 N.C. 276, 280, 225 S.E.2d 577, 580 (1976) (quoting *Conrad v. Cook-Lewis Foundry Co.*, 198 N.C. 723, 726, 153 S.E. 266, 269 (1930)).

Although Parkdale Mills cites *Jennings v. Backyard Burgers of Asheville*, 123 N.C. App. 129, 472 S.E.2d 205 (1996), and *Royster v. Culp, Inc.*, 343 N.C. 279, 470 S.E.2d 30 (1996), to support its contention that Arp's injury was not compensable; in both of those cases, the employees were not injured on premises owned, controlled or maintained by their employers. In *Jennings*, the employee was injured when he fell down stairs at an employee parking lot that was not under his employer's control. In *Royster*, the plaintiff was injured by a car on a public highway that was between a parking lot owned by the employer and the place of employment.

However, in this case, the evidence is undisputed that Arp's injury occurred at the employer's gate and parking lot—premises owned,

ARP v. PARKDALE MILLS, INC.

[150 N.C. App. 266 (2002)]

controlled or maintained by Parkdale Mills. This finding of fact suffi-ciently supports the Commission's conclusion that those areas con-stituted a part of the employer's premises.

Parkdale Mills also argues that the "premises exception" to the "coming and going rule" cannot apply in this case because Arp was not at a place he was authorized to be, and he was not furthering the business of his employer.

Our Courts "have not viewed minor deviations from the confines of a narrow job description as an absolute bar to the recovery of ben-efits, even when such acts were contrary to stated rules or to specific instructions of the employer where such acts were reasonably related to the accomplishment of the task for which the employee was hired." *Hoyle v. Isenhour Brick & Tile Co.* 306 N.C. at 254, 293 S.E.2d at 200. "[T]he terms of the Act should be liberally construed in favor of com-pensation, deficiencies in one factor are sometimes allowed to be made up by strength in the other." *Hoyle*, 306 N.C. at 252, 293 S.E.2d at 199.

In the present case there is competent evidence to support the Commission's findings that on 16 September 1998: Arp did not leave work early; the gate to the rear parking lot of his employer's premises was locked at 7:00 p.m.; and his fractured leg was a result of injury by accident. The record contains evidence showing that on the date of his injury, Arp was present at 6:45 p.m. when his supervisor checked Arp's workstation; at 6:55 p.m., Arp went to the bathroom to clean up; and at 7:00 p.m., Arp arrived at the gate to the rear parking lot on his employer's premises. Indeed, Arp's mother testified that she arrived at the gate at approximately 6:55 p.m. and that she had to wait for him to show up. In addition, there is no evidence in the record showing that Arp disobeyed a specific order from his supervisor or a written company policy when he climbed the gate. Thus, while the record also indicates that two of Arp's co-employees presented evidence that Arp left work before 7:00 p.m., our "duty goes no further than to determine whether the record contains any evidence tending to support the finding." *Anderson v. Lincoln Constr. Co.*, 265 N.C. at 434, 144 S.E.2d at 274. Since there is competent evidence to sup-port the full Commission's findings, we are powerless to overturn those findings.

Moreover, our "courts have upheld awards of compensation where the activities resulting in the injuries were not strictly in fur-therance of a duty of the employment, but were considered a reason-

able activity under the circumstances or a minor deviation only." *Williams v. Hydro Print, Inc.*, 65 N.C. App. 1, 12, 308 S.E.2d 478, 485 (1983), *review denied*, 310 N.C. 156, 311 S.E.2d 297 (1984). Accordingly, the fact that Arp was not actually engaged in the performance of his duties as a packer at the time of the injury does not automatically defeat his claim for compensation. *See Williams v. Hydro Print, Inc.*, 65 N.C. App. at 15, 308 S.E.2d at 481 (Upholding the award of compensation to an employee who injured his knee during a scheduled rest break on his employer's premises while racing with fellow employees.).

Furthermore, negligence by Arp in attempting to climb the gate does not defeat the applicability of the "premises exception" to the "coming and going rule."

> Negligence is not a defense to a compensation claim. The negligence of the employee, however, does not debar . . . compensation for an injury by accident arising out of and in the course of his employment. The only ground set out in the statute upon which compensation may be denied on account of the fault of the employee is when the injury is occasioned by his intoxication or willful intention to injure himself or another.

*Hartley v. North Carolina Prison Dept.*, 258 N.C. 287, 290, 128 S.E.2d 598, 600 (1962) (citations omitted); *see also Hensley v. Caswell Action Committee*, 296 N.C. 527, 251 S.E.2d 399 (1979). As in *Hartley*, "[t]he essence of the story in this case may be told in few words: Usually the idea of a short cut is attractive. Sometimes it is dangerous. To follow the appellant's contention would require us to hold that contributory negligence in this case is a complete defense." *Hartley*, 258 N.C. at 291, 128 S.E.2d at 601. Thus, we reject this assignment of error.

[2] Second, Parkdale Mills argues that the Commission erred in reversing the deputy commissioner's credibility determination without making specific findings of fact of why it was reversing the deputy's determination. We disagree.

> Whether the full Commission conducts a hearing or reviews a cold record, N.C.G.S. § 97-85 places the ultimate fact-finding function with the Commission—not the hearing officer. It is the Commission that ultimately determines credibility, whether from a cold record or from live testimony. Consequently, in reversing the deputy commissioner's credibility findings, the full

ARP v. PARKDALE MILLS, INC.

[150 N.C. App. 266 (2002)]

Commission is not required to demonstrate . . . that sufficient consideration was paid to the fact that credibility may be best judged by a first-hand observer of the witness when that observation was the only one.

*Adams v. AVX Corp.* 349 N.C. at 681, 509 S.E.2d at 413-14 (citation omitted). Thus, "(1) the full Commission is the sole judge of the weight and credibility of the evidence, and (2) appellate courts reviewing Commission decisions are limited to reviewing whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law." *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000).

In the present case, the full Commission found that "Plaintiff and his mother testified that he did not leave work early on 16 September 1998." On appeal, since we do not have the right to weigh the evidence and decide the issue on the basis of its weight; our duty goes no further than to determine whether the record contains any evidence tending to support the finding, and whether those findings support the conclusions of law. *See Anderson v. Lincoln Constr. Co.*, 265 N.C. at 434, 144 S.E.2d at 274. Thus, we must reject this assignment of error.

Affirmed.

Judge TIMMONS-GOODSON concurs.

Judge TYSON dissents.

TYSON, Judge, dissenting.

Plaintiff climbed a seven and one-half foot chain link and barb wire gate to leave work when another safe route was provided by defendant. This act was an unreasonable activity. Plaintiff's injuries did not "arise out of" and "in the course of" his employment. No compensable injury exists. I would reverse the decision of the Commission. I respectfully dissent.

## I. "Arise Out Of And In The Course Of Employment"

"In order to be compensable under our Workers' Compensation Act, an injury must arise out of and in the course of employment. *Barham v. Food World, Inc.*, 300 N.C. 329, 332, 266 S.E.2d 676, 678

ARP v. PARKDALE MILLS, INC.

[150 N.C. App. 266 (2002)]

(1980) (citing N.C. Gen. Stat. § 97-2(6)). "If claimant's injury did not arise out of and in the course of his employment, it is not compensable." *Poteete v. North State Pyrophyllite Co.*, 240 N.C. 561, 564, 82 S.E.2d 693, 694 (1954) (citations omitted). "The phrases 'arising out of' and 'in the course of' employment are not synonymous, but involve two distinct ideas and impose a double condition, both of which must be satisfied in order to render an injury compensable." *Williams v. Hydro Print, Inc.*, 65 N.C. App. 1, 5, 308 S.E.2d 478, 481 (1983) (citing *Poteete*, 240 N.C. 561, 82 S.E.2d 693). This Court and our Supreme Court have stated that " 'course of employment' and 'arising out of employment' are both parts of a single test of work-connection and therefore, 'deficiencies in the strength of one factor are sometimes allowed to be made up by strength in the other.' " *Id.* at 9, 308 S.E.2d at 483 (quoting *Watkins v. City of Wilmington*, 290 N.C. 276, 281, 225 S.E.2d 577, 581 (1976)). "Together, the two phrases are used in an attempt to separate work-related injuries from nonwork-related injuries." *Id.* at 5, 308 S.E.2d at 481 (citing *Watkins*, 290 N.C. at 280, 308 S.E.2d at 580).

"In general, the term 'in the course of' refers to the time, place and circumstances under which an accident occurs, while the term 'arising out of' refers to the origin or causal connection of the accidental injury to the employment." *Gallimore v. Marilyn's Shoes*, 292 N.C. 399, 402, 233 S.E.2d 529, 531-32 (1977) (citations omitted). " 'There must be some causal relation between the employment and the injury.' " *Bass v. Mecklenburg County*, 258 N.C. 226, 231, 128 S.E.2d 570, 574 (1962) (quoting *Conrad v. Cook-Lewis Foundry Co.*, 198 N.C. 723, 153 S.E. 266. (1930)). Unless a causal connection between employment and injury is proved, the injury is not compensable. The burden of proving the causal relationship or connection rests with the claimant. *McGill v. Town of Lumberton*, 218 N.C. 586, 587, 11 S.E.2d 873, 874 (1940).

"The rule of causal relation is 'the very sheet anchor of the Workmen's Compensation Act,' and has been adhered to in our decisions, and prevents our Act from being a general health and insurance benefit act." *Bryan v. First Free Will Baptist Church*, 267 N.C. 111, 115, 147 S.E.2d 633, 635 (1966) (citations omitted).

## A. In The Course Of

An accident arising "in the course of" the employment is one which occurs while "the employee is doing what a man so employed may reasonably do within a time during which he is

employed and at a place where he may reasonably be during that time to do that thing;" or one which "occurs in the course of the employment and as the result of a risk involved in the employment, or incident to it, or to conditions under which it is required to be performed."

*Hildebrand v. McDowell Furniture Co.*, 212 N.C. 100, 109, 193 S.E. 294, 301 (1937) (quotations omitted). "[I]t is the conjunction of all three of these factors—time, place and circumstances—that brings a particular accident within the concept of *course of* employment. If, in addition to this, the accident arose *out of* employment, then any injury resulting therefrom is compensable under the Act." *Harless v. Flynn*, 1 N.C. App. 448, 457, 162 S.E.2d 47, 53 (1968) (emphasis in original).

## B. Arise Out Of

"A compensable injury must arise not only within the time and space limits of the employment, but also in the course of an activity related to the employment." 2 Arthur Larson, *The Law of Workmen's Compensation* § 20.00 (2001). " 'An injury arises out of the employment when it comes from the work the employee is to do, or out of the service he is to perform, or as a natural result of one of the risks of the employment; the injury must spring from the employment or have its origin therein.' " *Williams*, 65 N.C. App. at 7, 308 S.E.2d at 482 (quoting *Harless*, 1 N.C. App. 455, 162 S.E.2d at 52). Our Supreme Court has stated that "[w]here any reasonable relationship to the employment exists, or employment is a contributory cause, the court is justified in upholding the award as 'arising out of employment.' " *Allred v. Allred-Gardner, Inc.*, 253 N.C. 554, 557, 117 S.E.2d 476, 479 (citation omitted).

> When an injury cannot fairly be traced to the employment as a contributing proximate cause, or if it comes from a hazard to which the employee would have been equally exposed apart from the employment, or from the hazard common to others, it does not arise out of the employment.

*Williams*, 65 N.C. App. at 7-8, 308 S.E.2d at 482 (quoting *Harless*, 1 N.C. App. 455, 162 S.E.2d at 52).

Whether an accident arose out of the employment is a mixed question of law and fact. *Sandy v. Stackhouse, Inc.*, 258 N.C. 194, 128 S.E.2d 218 (1962). Whether the facts, as found by the majority of the Commission, compel the conclusion that plaintiff's injuries "arise out

ARP v. PARKDALE MILLS, INC.

[150 N.C. App. 266 (2002)]

of" his employment is a question of law for this Court. *Stallcup v. Carolina Wood Turning Co.*, 217 N.C. 302, 7 S.E.2d 550 (1940). Our review is *de novo*.

## II.  The Premises Rule

The majority opinion is correct in stating that an injury by accident occurring while traveling to and from work is generally not compensable. There is also a *limited* exception to the "coming and going" rule. If one is injured on the employer's property while going to and from his employment, the injury is "generally deemed to have arisen out of and in the course of the employment," provided the injury is causally related to the employment. *Maurer v. Salem Co.*, 266 N.C. 381, 382, 146 S.E.2d 432, 433-34 (1966) (citing *Bass*, 258 N.C. 226, 128 S.E.2d 570 (summarizing and citing numerous cases from other jurisdictions which recognize the premises rule)).

It is undisputed that plaintiff was leaving, and injured on, defendant's property. Mere presence on the employer's premises at the time of the employee's injury, however, is insufficient to make the injury compensable. Our Supreme Court has stated that:

> "there is no magic in being on the [employer's] premises, if the employee is injured by getting into places where he has no right to go." Neither a minor nor an adult claimant can recover under the Workmen's Compensation Act when he "does acts different in kind from what he is expected or required to do, which are forbidden and outside the range of his service."

*Martin v. Bonclarken Assembly*, 296 N.C. 540, 546, 251 S.E.2d 403, 406 (1979) (quoting 1A Larson, § 21.21(d) (1978) (other citation omitted)).

## III.  Employment Related Activities

The majority opinion quotes *Hoyle v. Isenhour Brick & Tile Co.*, 306 N.C. 248, 254, 293 S.E.2d 196, 200 (1982), to show that North Carolina courts "have not viewed minor deviations from the confines of a narrow job description as an absolute bar to the recovery of benefits, even when such acts were contrary to stated rules or to specific instructions of the employer where such acts were reasonably related to the accomplishment of the task for which the employee was hired." Plaintiff was not engaged in any activity, reasonable or otherwise, to accomplish a task for which he was hired at the time of the injury.

## ARP v. PARKDALE MILLS, INC.

[150 N.C. App. 266 (2002)]

Many jurisdictions divide employment related activities into two types: (1) actual performance of the direct duties of the job activities, and (2) incidental activities. 2 Larson, § 21.08(1), p. 21-43. The former are almost always within the course of employment, regardless of the method chosen to perform them. *Id.* Incidental activities are afforded much less protection. If they are: (1) too remote from customary usage and reasonable practice or (2) are extraordinary deviations, neither are incidents of employment and are not compensable. *Id.*

Our courts follow this distinction. In *Hartley v. North Carolina Prison Dept.*, 258 N.C. 287, 128 S.E.2d 598 (1962), a plaintiff was injured during the actual performance of direct duties of his specific job activity. Our Supreme Court held that claimant's injuries were compensable and resulted from the performance of his job-related duties despite the fact that he sustained injuries by falling from a fence that he decided to climb for his own personal convenience. The mere fact that claimant selected a more hazardous route *in the performance of his duties* did not defeat his recovery. Evidence existed that others had climbed the same fence in furtherance of their job-related activities. The majority opinion's reliance on *Hartley* is misplaced.

If plaintiff was engaged in "incidental activities such as seeking personal comfort, going and coming, engaging in recreation, and the like," 2 Larson § 21.08(1) p. 21-42, these "acts necessary to the life, comfort and convenience of the employee are incidental to employment." *Williams*, 65 N.C. App. at 8, 308 S.E.2d at 483.

The majority opinion recognizes that plaintiff was not actually engaged in the performance of his work duties at the time of his injury. The majority opinion fails to analyze why plaintiff's activity of climbing a seven and one-half foot high locked chain link and barb wire gate was a reasonable incidental activity or only a minor deviation from one.

Scaling a seven and one-half foot tall locked chain link and barb wire gate is an unreasonable activity for plaintiff to exit defendant's property when a safer method was provided to and known by plaintiff. There was no evidence that any other employees, including plaintiff, ever exited defendant's premises in this manner. Plaintiff's activity was not in actual performance of a direct job duty. Plaintiff's activity was so remote from customary or reasonable practice that it was not causally related to his employment and is not compensable as a matter of law.

## A. Unreasonable Incidental Activity

Our courts have consistently denied compensation where the incidental activity was unreasonable. *See Mathews v. Carolina Standard Corp.*, 232 N.C. 229, 234, 60 S.E.2d 93, 96 (1950) (held that plaintiff's injury and death "did not result from a hazard incident to his employment" when he jumped onto the back of a truck moving across employer's property following the sounding of the lunch whistle); *Moore v. Stone Company*, 242 N.C. 647, 89 S.E.2d 253 (1955) (held that when employee for unknown reasons or for curiosity, while eating lunch, attempted to set off a single dynamite cap, which accidentally detonated other dynamite caps, resulting injuries did not arise out of employment); *Teague v. Atlantic Co.*, 213 N.C. 546, 196 S.E. 875 (1938) (held that plaintiff's injury did not follow as a natural incident of his work and that denial of compensation was proper when an employee chose the more dangerous route of leaving the basement by riding a conveyor belt instead of taking the employer provided steps).

At least four other jurisdictions have specifically held that when an employer has provided a safe route and an employee chooses, solely for his own convenience, a hazardous route for ingress and egress from the place of employment, the injury sustained does not "arise out of and in the course of employment." In *Lane v. Gleaves Volkwagen*, 594 P.2d 1249 (Or. App. 1979), a plaintiff's injuries resulting from a fall after his decision to climb over a seven-foot-tall chain link fence that was locked when there was a safe alternative route to the employee parking lot was held to be an unreasonable activity. Injuries therefrom did not arise out of and in the course of employment. In *Corcoran v. Fitzgerald Bros.*, 58 N.W.2d 744 (Minn. 1953), that court held that where employer furnishes safe means of ingress and egress to employee, and employee climbs a ten foot fence for his own convenience, not customarily used by the other employees, his injuries did not arise out of employment within the meaning of the Compensation Act. The employee stepped outside the scope of his employment. In *Associated Indem. Corp. v. Industrial Acc. Com'n of California*, 112 P.2d 615 (Cal. 1941), and *Langon v. Industrial Comm.*, 173 N.E. 49 (Ill. 1930), the courts held that where employee has a choice of leaving work and voluntarily selects a dangerous route, such action or activity is not incident to employment.

## B. Reasonable Incidental Activity

In contrast, cases that allow compensation for injuries occurring from reasonable incidental activities, or minor deviations, are distinguishable from the facts here. *See e.g. Bellamy v. Manufacturing Co.*, 200 N.C. 676, 158 S.E. 246 (1931) (accident while riding in an elevator on a personal errand was held not a deviation or departure because he was required by his employer to stay in the plant); *Brown v. Aluminum Co.*, 224 N.C. 766, 32 S.E.2d 320 (1944) (accident arose out of and in the course of employment even though on watchman's personal time); *Rewis v. Insurance Co.*, 226 N.C. 325, 38 S.E.2d 97 (1946), (incidental act found to have arisen out of employment and compensable when an employee, feeling faint slipped and fell out of the window to his death); *Watkins*, 290 N.C. 276, 225 S.E.2d 577 (the repairing of a fellow employee's car during lunch period was a reasonable activity because the employees made, and were allowed to make, repairs during lunch hour that benefitted employer); *Harless*, 1 N.C. App. 448, 162 S.E.2d 47 (the leaving of employer's parking lot with permission of employer to eat lunch off the site was not an unreasonable activity or substantial deviation not in the course of employment); *Williams*, 65 N.C. App. 1, 308 S.E.2d 478 (Plaintiff's own conduct in spontaneously running along with his fellow employees toward a shiny, glittering object on the track was not unreasonable when employees were free to engage in recreational activities of running during their rest breaks. This activity was held not "a departure or deviation from the course of employment because plaintiff's assigned duties at that time were to take a break inside the locked yard of the plant along with a large group of his fellow employees" and running was customary.). Unlike the facts at bar, all of these cases involved "incidental activities" that were reasonable and compensable.

## IV. Summary

Scaling a seven and one-half foot tall locked chain link and barb wire gate is an unreasonable activity for egress from defendant's property when defendant provided a safe and secured exit. Undisputed evidence shows that plaintiff had never previously climbed the back gate to exit defendant's property, nor that any other employee utilized this method of exiting defendant's property that would have put defendant on notice of this activity. Plaintiff testified that if he had utilized the front gate instead of climbing over the chain link and barb wire gate, it would have taken him five to eight minutes longer to exit. Other employees testified that the time to take the safe

route was between two to four minutes. Plaintiff could have also waited for the gate to be unlocked and have exited with his fellow employees at the end of their shift. It is undisputed that plaintiff chose a hazardous route solely for his own convenience, not for any benefit, direct or indirect, to defendant.

## V. Conclusion

Plaintiff's injuries are not causally related to his employment, and did not "arise out of and in the course of employment." Plaintiff's activity was so removed from customary or reasonable practice that it cannot, as a matter of law, be an incidental activity of employment. Plaintiff's unreasonable actions, *not* the grossly negligent manner in which he performed them, produced his injuries. Plaintiff's unreasonable activity is more analogous to precedent cases where courts have denied compensation. I would reverse the decision of the Industrial Commission, and remand for dismissal of plaintiff's claim.