***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner DeLuca and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties. The Full Commission affirms the Opinion and Award of Deputy Commissioner DeLuca and enters the following Opinion and Award:
 ***********
The Full Commission finds as a fact and concludes as a matter of law the following, which were entered into by the parties as:
 STIPULATIONS
1. Parties were properly before the Deputy Commissioner and the Industrial Commission has jurisdiction over the parties and of the subject matter. *Page 2 
2. Parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. Parties were subject to the Worker's Compensation Act at the time of the employee's injury.
4. Employer/employee relationship existed between the parties at the time of the employee's injury.
5. Employer in this case is Harbour Group Management Co. and the carrier liable on the risk is The Hartford.
6. The employee was paid the entire day of the injury.
7. The employee is still employed with the employer.
8. The parties have stipulated that the employee suffered an injury on November 24, 2008. Defendants have contested the compensability of the employee's injury under the North Carolina Workers' Compensation Act alleging the employee was not in the course and scope of her employment when she was injured.
9. Stipulated Exhibits 1-8, Plaintiff's Exhibit 1 and Defendant's Exhibits 1-3 were entered into the record before the Deputy Commissioner.
10. Issues for resolution are whether Plaintiff sustained an injury by accident and if so, to what benefits is she entitled?
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT *Page 3 
1. On the date of the hearing before the Deputy Commissioner Plaintiff was 35 years old and possessed a high school education.
2. Plaintiff was hired on July 23, 2007, to work as a leasing manager at Laurel Trace, one of Employer-Defendant's apartment home communities. In February 2008, Plaintiff decided to rent an apartment at Employer-Defendant's Waterford Village complex. She received a twenty percent (20%) employee discount on her rent. Plaintiff began working as a leasing consultant at the Waterford Village property in August 2008.
3. Leasing consultants work primarily in a normal office environment. Assistant Property Manager Kelly Byrd testified, and the Full Commission finds, that leasing consultants show an average of three to five apartments a week to prospective renters. As the property did not have elevators, Plaintiff would have to take the stairs to show some apartments.
4. As Plaintiff lived at Waterford Village, she was able to walk from her residence to the office building on the premises where she worked. In doing so, Plaintiff would routinely take a paved walkway and then divert from the walkway through a grassy area which led directly to the office. This entire area which she walked was owned by the Defendant-Employer.
5. This grassy area was traversed by the residents at Waterford Village and there were no signs indicating to keep off this area.
6. Diverting from the paved walkway through the grass provided a much shorter distance for the Plaintiff to travel between her residence and the office.
7. On the morning of November 24, 2008, Plaintiff was walking to work and traversed the paved walkway and then through the grassy area as she customarily did. While walking through the grassy area around 8:30 — 8:45 a.m. Plaintiff was a few feet from the entrance to the office when she slipped and fell while walking down a slope in the grass. *Page 4 
8. Although conflicting evidence has been offered, the Full Commission finds that the ground had some frost on it, but was not icy on the morning in question.
9. Plaintiff received emergency treatment on the scene from Parkwood Volunteer Fire Department personnel and was transported to Duke Hospital, where she was diagnosed with a back contusion, given prescriptions for Valium and Percocet, and was referred to Triangle Family Practice. Medical records reflect that it was "unknown" when Plaintiff would be able to return back to work.
10. On December 1, 2008, Plaintiff presented to Duke Urgent Care Center, where she was evaluated by Dr. Wellman. Dr. Wellman diagnosed Plaintiff with a sacral contusion and a possible old injury to the coccyx. She was given prescriptions for Valium and Vicodin and excused from work through December 3, 2008.
11. Plaintiff was seen by Dr. Anita Pisharody at Triangle Family Practice on December 3, 2008. Dr. Pisharody performed a physical examination and diagnosed Plaintiff with coccydynia (low back pain). She prescribed Vicodin, ice and heat, rest, and wrote Plaintiff out of work for two weeks.
12. Plaintiff returned to Triangle Family Practice on December 17, 2008. Dr. Pisharody prescribed Percocet and wrote Employee-Plaintiff a note to be out of work until January 5, 2009. She also recommended an orthopedic consultation.
13. On January 8, 2009, Plaintiff presented to Duke University Medical Center Division of Orthopedics for examination by Dr. Gloria Liu. The past medical history noted back pain and falls. Plaintiff stated that she had slipped and fallen on frosty grass on her way to work and landed on her buttocks. She reported her pain to be mainly in the tailbone region but also reported some recent left leg numbness. Physical examination produced severe pain in Plaintiff's *Page 5 
left hip region and tailbone. Dr. Liu diagnosed Plaintiff with back pain radiating into her legs, prescribed Ultram, ordered an x-ray, and wrote Plaintiff out of work for another two weeks.
14. On January 23, 2009, Dr. Liu reviewed the x-rays, which showed Baastrup's disease and sclerosis, but no fractures or displacement. She diagnosed Plaintiff with myofascial pain from muscle tightness. Dr. Liu ordered a pelvic MRI to rule out soft tissue damage and prescribed physical therapy. Dr. Liu also held Plaintiff out of work until February 9, 2009. Plaintiff began a course of physical therapy on January 29, 2009. The pelvic MRI performed on February 2, 2009, revealed bilateral trochanteric bursitis and gluteal tendinopathy.
15. On February 5, 2009, Plaintiff reported that her pain was much improved. Dr. Liu diagnosed her with mainly left-sided trochanteric bursitis and back pain. She administered a steroid injection into Plaintiff's left side and recommended continued physical therapy. Dr. Liu also indicated that Plaintiff was capable of returning to work part time.
16. Plaintiff contacted the Defendant-Employer following her release to return to work part-time by Dr. Liu. However, Defendant-Employer informed Plaintiff she could not return to work until she was released to full-duty.
17. On March 20, 2009, Plaintiff returned to Dr. Liu for follow-up. She told Dr. Liu that her pain had completely resolved after the injection for approximately one month. Plaintiff stated that the pain returned approximately one week earlier but was still better than it had been before the injection. However, Plaintiff said that she did not want another injection because she was afraid of needles. Dr. Liu prescribed a Medrol dosepak and switched her from pool therapy to land therapy. While Dr. Liu indicated that Plaintiff was capable of returning to part-time work, Plaintiff stated she did not feel that she was able to tolerate full-time work. *Page 6 
18. On March 30, 2009, Dr. Liu advised Defendants that Plaintiff was capable of returning to work four hours a day, with lifting limited to 10 pounds or less, and limited steps for the next six to eight weeks. Plaintiff returned to work on a 20-hour per week schedule on April 9, 2009.
19. On June 4, 2009, Plaintiff returned to Dr. Liu's office for re-evaluation. Plaintiff reported that she was back to working part-time, but she stated that working aggravated her pain. Dr. Liu recommended a Functional Capacity Evaluation and recommended another three to four weeks of part-time work. On June 9, 2009, Dr. Liu administered bilateral steroid injections to Plaintiff's sacroiliac joint and greater trochanter. Dr. Liu continued Plaintiff on part-time sedentary work at that time, specifically opining for Plaintiff to avoid steps.
20. Plaintiff underwent a Functional Capacity Evaluation (FCE) in July 2009, which showed that she was capable of full-time sedentary work. On August 13, 2009, Dr. Liu reviewed the FCE results with Plaintiff. At that time, Plaintiff was still complaining of significant pain in her hip and low back, and some difficulty going up and down stairs. Dr. Liu prescribed Mobic and Flexeril and scheduled a follow up in two to three months. Dr. Liu testified that she intended to increase Plaintiff to working six hours a day at her next visit in six to eight weeks and hoped to get Plaintiff to full-time sedentary work by the end of the calendar year.
21. Dr. Liu testified to a reasonable degree of medical certainty, and the Full Commission finds as fact, that Plaintiff's condition for which she treated with Dr. Liu was a direct result of her November 24, 2008, injury by accident.
22. Dr. Liu further testified, and the Full Commission finds as fact, that the treatment provided to Plaintiff for the injuries she sustained as a result of her November 24, 2008, fall was reasonably necessary to effect a cure. *Page 7 
23. As of Plaintiff's return to work with Defendant-Employer on April 9, 2009, she had not been required to work outside her sedentary restrictions as given by Dr. Liu.
24. Plaintiff had a pre-injury average weekly wage of $756.94 which leads to a compensation rate of $504.65.
25. The Full Commission finds that Defendants did not defend this matter unreasonably or engage in stubborn, unfounded litigiousness.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Although injuries sustained by an employee while going to or from work are not ordinarily compensable, "a limited exception to the `coming and going' rule may arise when an employee is injured when going to or coming from work but is on the employer's premises." Royster v. Culp, Inc.,343 N.C. 279, 281, 470 S.E.2d 30, 31 (1996).
2. Plaintiff was on the premises of her employer when she fell going to work on November 24, 2008, and was within the course and scope of her employment. Stanley v. Burns Int'l Sec. Servs.,161 N.C. App. 722, 589 S.E.2d 176 (2003).
3. Plaintiff's route to work on the morning of November 24, 2008, was not unreasonable and thus does not negate the application of the premises exception to the coming and going rule. Arp v. Parkdale Mills, Inc.,150 N.C. App. 266, 563 S.E.2d 62 (2002).
4. Plaintiff suffered an injury to her spine and hip arising out of and in the course of her employment with Defendant-Employer on November 24, 2008. N.C. Gen . Stat. § 97-2(6). *Page 8 
5. Plaintiff has remained disabled as a result of her November 24, 2008, compensable injury by accident and thus is entitled to temporary total disability benefits in the weekly amount of $504.65 from November 24, 2008, to April 9, 2009, and temporary partial disability benefits in the weekly amount of $252.33 from April 9, 2009, to the date of this Award and continuing for up to three hundred (300) weeks from the date of injury. N.C. Gen. Stat. §§ 97-2(9), 97-29 and 97-30.
6. Plaintiff's current position of Leasing Consultant with Defendant-Employer is suitable as it does not require duties which are outside her restrictions as given by her treating physician, Dr. Liu. Peoples v. Cone Mills Corporation,316 N.C. 426, 437, 342 S.E.2d 798, 805 (1986).
7. Defendants are required to pay for the treatment provided thus far for Plaintiff's compensable injuries to her spine and hip on November 24, 2008, pursuant to N.C. Gen. Stat. §§ 97-25 and 97-25.1.
8. Dr. Gloria Liu is hereby named Plaintiff's treating physician and Defendants shall authorize and pay for all treatment recommended by Dr. Liu for the Plaintiff's compensable spine and hip injuries. N.C. Gen. Stat. § 97-25.
9. Defendants' defense of this claim was not unreasonable or based in stubborn, unfounded litigiousness. As such, they are not liable for sanctions. N.C. Gen. Stat. § 97-88.1.
10. The Full Commission finds that this appeal was brought by the insurer and the Commission has ordered the insurer to continue payments of benefits, including compensation for medical expenses to the injured employee, and the Full Commission orders that the costs of this proceeding, including Plaintiff's reasonable attorney's fee to be determined by the Commission, shall be taxed as costs. N.C. Gen. Stat. § 97-88. *Page 9 
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission makes the following:
 AWARD
1. Plaintiff is entitled to temporary total disability benefits from November 24, 2008 to April 9, 2009, at her compensation rate of $504.65 per week, that amount having accrued shall be paid in a lump sum, subject to the attorney's fee approved below.
2. Plaintiff is entitled to temporary partial disability benefits from April 9, 2009, to the date of this Award and continuing for up to three hundred (300) weeks from the date of injury, subject to the attorney's fee approved below.
3. Defendants shall pay for all medical expenses incurred or to be incurred by Plaintiff as a result of her compensable injuries when bills for same have been submitted to and approved by the North Carolina Industrial Commission, for so long as such evaluations, treatments, and examinations may reasonably be required to effect a cure, give relief and/or lessen Plaintiff's period of disability.
4. A reasonable attorney's fee of twenty-five percent (25%) of the compensation awarded to Plaintiff in paragraphs one (1) and two (2) above, is hereby approved to be deducted from the lump sums accrued and thereafter, every fourth (4th) payment due Plaintiff shall be paid directly to Plaintiff's attorney.
5. Plaintiff's counsel shall submit an affidavit or itemized statement in support of an award of reasonable attorney's fees pursuant to N.C. Gen. Stat. § 97-88 within 10 days of the filing of this Opinion and Award for the time expended preparing and litigating this appeal. Upon *Page 10 
receipt of the affidavit, the Full Commission shall issue an order directing Defendants to pay an additional attorney's fee directly to Plaintiff's counsel.
6. Defendants shall pay the costs.
This the 9th day of November, 2010.
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/_____________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_____________ PAMELA T. YOUNG CHAIR *Page 1