TYSON, Judge, dissenting.
The Commission's Opinion and Award concluded Plaintiff's "decision to do donuts on the Seegars' forklift, was too remote from customary usage and reasonable practice and constituted an extraordinary deviation from his employment." Competent evidence in the record supports the Commission's findings. These findings of facts are binding *636 upon appeal and support the Commission's conclusions of law. This Court is bound by the standard of appellate review on the Commission's Opinion and Award. The decision of the Commission should be affirmed. I respectfully dissent.
I. Standard of Review
This Court reviews an opinion and award of the Commission to determine "whether there is any competent evidence in the record to support the Commission's findings and whether those findings support the Commission's conclusions of law." Oliver v. Lane Co. , 143 N.C.App. 167, 170, 544 S.E.2d 606, 608 (2001).
"[T]he Commission is the fact finding body.... [and is] the sole judge of the credibility of the witnesses and the weight to be given to their testimony." Adams v. AVX Corp. , 349 N.C. 676, 680, 509 S.E.2d 411, 413 (1998) (internal citations and quotation marks omitted). "Where there is competent evidence to support the Commission's findings, they are binding on appeal even in light of evidence to support contrary findings." Starr v. Gaston Cty. Bd. of Educ. , 191 N.C.App. 301, 304-05, 663 S.E.2d 322, 325 (2008).
The Commission's conclusions of law are reviewed de novo . McRae v. Toastmaster, Inc. , 358 N.C. 488, 496, 597 S.E.2d 695, 701 (2004).
II. Plaintiff's Unreasonable Activity
Plaintiff argues the Commission erred by finding his actions removed him from the course and scope of his employment and that his injury did not arise out of his employment. After reviewing the Commission's binding and unchallenged findings of fact, his contention is without merit.
A. Arise Out Of and In The Course Of Employment
"In order to be compensable under our Workers' Compensation Act, an injury must arise out of and in the course of employment." Barham v. Food World, Inc. , 300 N.C. 329, 332, 266 S.E.2d 676, 678 (1980). Our courts have stated that " 'course of employment'
*142 and 'arising out of employment' are both parts of a single test of work-connection and therefore, 'deficiencies in the strength of one factor are sometimes allowed to be made up by strength in the other.' " Williams v. Hydro Print, Inc. , 65 N.C.App. 1, 9, 308 S.E.2d 478, 483 (1983) (quoting Watkins v. City of Wilmington, 290 N.C. 276, 280, 225 S.E.2d 577, 580 (1976) ). "Together, the two phrases are used in an attempt to separate work-related injuries from nonwork-related injuries." Id . at 5, 308 S.E.2d at 481.
*637 "In general, the term 'in the course of' refers to the time, place and circumstances under which an accident occurs, while the term 'arising out of' refers to the origin or causal connection of the accidental injury to the employment." Gallimore v. Marilyn's Shoes, 292 N.C. 399, 402, 233 S.E.2d 529, 531 (1977) (citations omitted); see Williams , 65 N.C.App. at 7, 308 S.E.2d at 482 ("An injury arises out of employment when it comes from the work the employee is to do, or out of the service he is to perform, or as a natural result of one of the risks of the employment[.]" (citation and internal quotation marks omitted)).
" 'There must be some causal relation between the employment and the injury.' " Bass v. Mecklenburg County, 258 N.C. 226, 231, 128 S.E.2d 570, 574 (1962) (quoting Conrad v. Cook-Lewis Foundry Co., 198 N.C. 723, 153 S.E. 266 (1930) ). Where no causal connection exists, the injury is not compensable. Arp v. Parkdale Mills, Inc ., 150 N.C.App. 266, 274, 563 S.E.2d 62, 68 (2002) (Tyson, J., dissenting), adopted per curiam , 356 N.C. 657, 576 S.E.2d 326 (2003). "The burden of proving the causal relationship or connection rests with the claimant." Id . (citing McGill v. Town of Lumberton, 218 N.C. 586, 587, 11 S.E.2d 873, 874 (1940) ).
Our Supreme Court has held:
[W]hether plaintiff's claim is compensable turns upon whether the employee acts for the benefit of his employer to any appreciable extent or whether the employee acts solely for his own benefit or purpose or that of a third person.
... we find that thrill seeking which bears no conceivable relation to accomplishing the job for which the employee was hired moves the employee from the scope of his employment.
Hoyle v. Isenhour Brick & Tile Co. , 306 N.C. 248, 258-59, 293 S.E.2d 196, 202 (1982) (emphasis supplied) (citations and quotation marks omitted).
B. Employment Related Activities
Employment related activities are divided into two types:
(1) actual performance of the direct duties of the job activities, and (2) incidental activities. The former are almost always within the course of employment, regardless of the method chosen to perform them. Incidental activities are afforded much less protection. If they are: (1) too remote from customary usage and reasonable practice or *638 (2) are extraordinary deviations, neither are incidents of employment and are not compensable.
Arp , 150 N.C.App. at 277, 563 S.E.2d at 69-70 (internal citations omitted).
The Industrial Commission and North Carolina courts have consistently denied compensation where the incidental activity by the employee was unreasonable. See id . at 278, 563 S.E.2d at 70 (denying compensation where the employee left his shift early and was injured when he attempted to exit by climbing a barb wire gate, rather than exiting through an available gate); see also Matthews v. Carolina Standard Corp., 232 N.C. 229, 234, 60 S.E.2d 93, 96 (1950) (holding plaintiff's injury and death "did not result from a hazard incident to his employment" when he attempted to jump onto a truck moving across employer's property after hearing the lunch whistle); Moore v. Stone Co., 242 N.C. 647, 647-48, 89 S.E.2d 253, 254 (1955) (holding the employee's injuries did not arise out of employment when the employee for unknown reasons or for curiosity, while eating lunch, attempted to set off a single dynamite cap and accidentally detonated other dynamite caps); Teague v. Atlantic Co., 213 N.C. 546, 548, 196 S.E. 875, 876 (1938) (denying compensation where the employee "stepp[ed] aside from the sphere of his employment and voluntarily ... for his *143 own convenience or for the thrill of attempting a hazardous feat, attempted to ride" a conveyor belt instead of taking the employer provided steps).
C. Analysis
The Commission made the following relevant findings of fact which the majority's opinion agrees are supported by competent evidence:
15. Several minutes after they arrived at the workyard, Mr. Mapes testified he heard "lots of loud noises nextdoor [sic] of equipment running at a high throttle." Mr. Mapes testified that "peeking over I did see a forklift, green and white, and the Bobcat as well." However, it was unusual to see the forklift in use at any time other than the mornings, according to Mr. Mapes. He further testified that he observed "[t]he forklift was being operated rather recklessly." In addition, Mr. Mapes testified that he did not see any work materials and that "there was no indication that there was any work being done." Rather, Mr. Mapes testified he observed the forklift being driven in circles or donuts.
...
*639 32. Andrew Webb, a professional accident reconstructionist, was hired by Defendant-Seegars to investigate the accident.... Mr. Webb stated the impressions were consistent with the testimony of Mr. Mapes in that the vehicle Plaintiff was operating was doing high-speed turns or donuts. Mr. Webb testified that the maneuvers Plaintiff performed on the forklift were consistent with the photographs showing the curved tire impressions which were consistent with donuts.
...
34. The Full Commission finds, based upon a preponderance of the evidence, that Mr. Webb's accident reconstruction and resulting opinions are not speculative and that Mr. Webb's opinions are credible.
35. Based upon a preponderance of the credible evidence of record, the Full Commission finds that Plaintiff was operating the forklift at such a speed as to cause it to rollover and inflict the resulting serious injuries from which Plaintiff now suffers.
36. The Full Commission further finds that the manner in which Plaintiff operated the forklift preceding his injury was unreasonable and reckless, in essence joy riding and/or thrill seeking.
The Commission then concluded:
3. The Full Commission's finding that Plaintiff was "joyriding" or "thrill seeking," which bore no relation to accomplishing the duty for which Plaintiff was hired, removed Plaintiff from the scope of his employment. To the extent Plaintiff may have initially performed some work-related tasks with the forklift, his decision to do donuts on the Seegars' forklift, was too remote from customary usage and reasonable practice and constituted an extraordinary deviation from his employment. Pursuant to Arp v. Parkdale Mills, Inc. , 356 N.C. 657, 576 S.E.2d 326 (2003), the Full Commission concludes that Plaintiff's activity leading to his injury on 17 October 2012 was unreasonable. Consequently, Plaintiff's injury did not arise out of and in the course of his employment and is not compensable. N.C. Gen. Stat. § 97-2(6).
*640 The majority's opinion states Conclusion of Law 3 contains inconsistent factual findings: "one stating that Mr. Weaver's actions bore no relation to his job duties, and the other stating that Mr. Weaver may have initially performed some work-related tasks with the forklift[.]" Because the Commission found Mr. Weaver "may" have been initially engaged in a work-related task, the majority's opinion asserts the Commission's findings fail to support the conclusion that Plaintiff's injuries did not arise out of and in the course of his employment. The majority's opinion further notes the Commission's Opinion and Award demonstrates a misapprehension of the law. I respectfully disagree.
Even if or "[t]o the extent" Conclusion of Law 3 contains some re-stated findings of fact, see Barnette v. Lowe's Home Ctrs., Inc ., --- N.C.App. ----, ----, 785 S.E.2d 161, 165 (2016), these findings are entirely consistent with and support the Commission's ultimate conclusion. The majority's opinion unduly parses the Commission's findings and conclusions. The majority fails to apply the plain and ordinary meanings of the Commission's *144 words to wrongfully conclude they are inconsistent with one another in order to compel a different result. Such substitution of a result is inconsistent with this Court's standard of review. See Adams , 349 N.C. at 680-81, 509 S.E.2d at 413-14.
The Commission, as the sole judge of the credibility of the witnesses, merely acknowledged "[t]o the extent" Mr. Weaver may have initially or even arguably used the forklift to perform work-related activities, "his decision to do donuts on the Seegars' forklift, was too remote from customary usage and reasonable practice and constituted an extraordinary deviation from his employment" and constituted joyriding or thrill seeking. In every previous case denying compensation, the employee was at work and may have performed activities consistent with his employment prior to engaging in conduct or actions which "bore no relation to his job duties."
It appears that on remand, the majority is requiring the Commission to reweigh the evidence to again determine whether Mr. Weaver's testimony he was initially using the forklift for work-related activities is credible, because "the Commission did not clearly find that Mr. Weaver's accident occurred while he was returning the forklift after using it for a work-related task[.]" This notion ignores binding precedents.
Whether Mr. Weaver initially performed work-related activities is wholly inconsequential, as the employee carries the burden and a causal connection is still required to find that an employee's injuries arose out of and in the course of employment at the time of the injury. See Arp , 150 N.C.App. at 274, 563 S.E.2d at 68.
*641 Here, after weighing all the competent evidence, the Commission specifically found Mr. Weaver was engaged in joyriding or thrill seeking. This finding is fully supported by the competent testimonies of Mr. Webb and Mr. Mapes, which the Commission found to be credible. The Commission then proceeded to conclude Mr. Weaver's joyriding or thrill seeking was an unreasonable activity, which bore no relation to his employment; constituted an extraordinary deviation from his employment; and even "[t]o the extent" Mr. Walker was " at work" or may have initially performed some work-related tasks, his joyriding or thrill seeking ultimately broke the causal connection between his employment and his injuries .
The Commission's conclusion is entirely consistent with our precedents. See id. at 277, 563 S.E.2d at 70 ("If [the activities] are: (1) too remote from customary usage and reasonable practice or (2) are extraordinary deviations, neither are incidents of employment and are not compensable."); Hoyle , 306 N.C. at 259, 293 S.E.2d at 202 ("[T]hrill seeking which bears no conceivable relation to accomplishing the job for which the employee was hired moves the employee from the scope of his employment.").
Competent and credible evidence in the record demonstrates Mr. Weaver clearly engaged in joyriding or thrill seeking. Though this thrill seeking activity unfortunately resulted in serious injuries, competent evidence supports and the Commission correctly concluded Mr. Weaver's actions clearly removed him from any prior or asserted activity within the "scope of his employment" such that his injuries did not arise out of and in the course of his employment. See Hoyle , 306 N.C. at 259, 293 S.E.2d at 202. The Commission's Opinion and Award denying Plaintiff compensation is entirely consistent with long standing Supreme Court of North Carolina precedents, is supported by competent evidence, and is properly affirmed. See id.
III. Negligence Analysis
Plaintiff further argues the Commission erroneously applied a negligence standard to hold Plaintiff's injuries are not compensable. I disagree.
North Carolina precedents clearly hold negligence, and even gross negligence, do not bar Plaintiff from recovery. See, e.g. , Whitaker v. Town of Scotland Neck , 357 N.C. 552, 556, 597 S.E.2d 665, 667 (2003). However, binding precedents also distinguish a claimant's unreasonable actions from negligence or gross negligence.
*642 Arp , 150 N.C.App. at 280, 563 S.E.2d at 71. Where the Commission's decision is based on the claimant's "unreasonable actions, not the grossly negligent manner in which he performed them," Plaintiff has failed to carry his burden and compensation is properly denied. See id . (emphasis original).
*145 Here, nothing in the record or in the Commission's findings of fact or conclusions of law indicate it relied upon any negligence theory to deny compensation. Furthermore, the Commission found Mr. Weaver's decision to engage in joyriding or thrill seeking was an unreasonable activity . As such, his argument is without merit. See id.
IV. Conclusion
Plaintiff failed to carry his burden to prove his injuries are compensable. The Commission's findings of fact are supported by competent evidence, which support its conclusions of law. See Oliver , 143 N.C.App. at 170, 544 S.E.2d at 608 (2001). The record and Opinion and Award demonstrate the Commission correctly understood and applied the law and did not erroneously apply a negligence standard to this case.
While this Court may remand a case to the Industrial Commission under certain circumstances, in this case remand is error, entirely unnecessary, and does not promote judicial economy. See, e.g. , Lanning v. Fieldcrest-Cannon , Inc., 352 N.C. 98, 106, 530 S.E.2d 54, 60 (2000).
Based upon long standing and binding precedents and our standard of review, the Commission's Opinion and Award denying Plaintiff compensation should be affirmed. I respectfully dissent.